MICHAEL BOHAN v. THE TOWNSHIP OF WEEHAWKEN.

Argued June 5, 1900—Decided November 12, 1900.

1. Under section 57 of "An act concerning townships" (*Rev.* 1899; *Pamph. L.*, *p.* 372), whenever a police department has been lawfully established for any township, it is the right and duty of the township committee thereof to ordain laws for its management, which may, at its discretion, include a tenure of office such as that adopted in this case.

2. Ordinances for municipal regulation passed under a delegation of legislative authority have, within their respective spheres, the force of general laws.

3. Under the statute above cited, the township committee of the township of Weehawken had no authority to appoint members of a police department so long as an ordinance under which the prosecutors had a tenure of office was unrepealed.

4. The case of *Bradshaw* v. *Camden*, 10 *Vroom* 416, followed; that of *Mathis* v. *Rose*, 35 *Vroom* 45, distinguished.

On *certiorari*.

Before Justices Dixon, Garrison and Collins.

For the prosecutors, *Charles C. Black*.

For the defendant, *Henry M. Nutzhorn*.

The opinion of the court was delivered by

GARRISON, J. Nine writs of *certiorari* attacking the same resolution were consolidated by an order duly made in this cause. These consolidated causes raise the single question whether the township committee of the township of Weehawken, on the 24th day of March, 1900, could, by resolution, lawfully appoint certain persons other than the prosecutors as members of the police force of the township.

The revision of the Township act was approved March 24th, 1899, and went into effect upon February 25th, 1900. The prosecutors, with the exception of Oeder, who is a taxpayer, were appointed as members of the police department of the township upon March 5th, 1900, by the same ordinance that established a police department in said township.

Upon March 24th, 1900, the new township committee, by its resolution, appointed a township police force, officers and men, without repealing the existing ordinance, one of whose provisions was a tenure of office for those appointed under it until removed for cause after a hearing.

This resolution, the prosecutor says, is invalid upon grounds that will be severally considered:

*First.* Because, under the act of 1899, the control of the police force must be by ordinance, and hence cannot be filled by resolution.

This, however, is manifestly not so, inasmuch as the statute referred to while providing for "the regulation, control and management of a police force," by the township committee by ordinance, expressly provides that "for that purpose they may, by *resolution,* appoint such members and officers of such force as they may deem necessary." *Pamph. L.* 1899, *p.* 395, § 57.

*Second.* Because the said resolution is in violation of the charter of Weehawken. *Pamph. L.* 1868, *p.* 62.

To this there are several efficient replies, as for instance, that the charter expressly authorizes the appointment to be by resolution; that the appointment was not made under the charter but under the act of 1899, and that the charter is,

in this respect, repealed by the act of 1899 by necessary implication.

*Third.* Because the said resolution violates the tenure of office secured to the prosecutors by the statute of 1897. *Pamph. L., p.* 128.

This statute is expressly repealed by the act of 1899 (see *p.* 426). Moreover, the title of the act to which it is a supplement is "An act respecting police departments in *cities,* and regulating the tenure and term of officers and men employed in said departments." *Pamph. L.* 1897, *p.* 128.

The force of the enacting clause of this act to extend its provisions beyond the limitations of the title is obviously ineffectual.

And *fourth* and last, because, by virtue of the ordinance of the township committee establishing the police department by which the prosecutors were appointed, they held their positions until removed for cause and after a hearing.

There is no question that the ordinance contained such a provision, and that at the time of the passage of the resolution under review it remained unrepealed. The question of decisive importance is whether this ordinance, by such a tenure of office feature, bound the subsequent township committee so that it could not vacate and fill the positions at its pleasure, as was done under the sanction of this court in the recent case of *Mathis* v. *Rose,* 35 *Vroom* 45.

The cases of *Greene* v. *Freeholders,* 15 *Vroom* 388, and *Adams* v. *Haines,* 19 *Id.* 25, may also be cited in support of the rule that a municipal body in whom the appointing power is lodged cannot, by appointing for a specific term, create a condition that curtails the power of appointment otherwise possessed by its successors. The doctrine of these cases is that to place conditions upon municipal bodies is a legislative function and not a mere incident of administration.

Upon the other hand, the case of *Bradshaw* v. *Camden,* 10 *Vroom* 416, decided that an ordinance of a prior city council bound its successor where the legislature had committed to the city the power to pass ordinances regulative of the office in question. The distinction is that in the cases of which

Matthis *v.* Rose may be taken as the type, the legislative grant is of the right of administration only, with its essential incidents, which do not possess the quality of legislation; while in the other class, for which Bradshaw *v.* Camden stands, the grant is of the right of municipal control—a law-making function delegated as an admitted exception to the general doctrine of constitutional legislation. The principle of these latter cases is that ordinances for municipal legislation passed under a delegation of legislative authority have, within their respective spheres, the force of general laws.

The result of the application of this rule to the ordinance under consideration will depend, therefore, upon whether the legislation under which it was passed did or did not grant a right of municipal control over the subject-matter, amounting to a delegation of the law-making power. The statute relied upon is the fifty-seventh section of the township revision of 1899 (*p.* 395), and the pertinent enactment is this: "The township committee shall, by ordinance, establish such police department and provide for the regulation, control and management of a police force." In my opinion the legislature, by this language, transmitted to every township committee, upon the establishment of a police department, the right and duty to ordain a system of laws for its management that should be more or less comprehensive at the discretion of such legislative body. Granting this to be the effect of the statute, the tenure of office feature of the ordinance was a legitimate exercise of the authority thus delegated, and is, until repealed, the law of the township.

Having reached this conclusion, which would set aside the defendant's resolution, it remains to consider whether there are any considerations that interfere with such a result.

Upon this point the defendant says: First, that the ordinance invoked by the prosecutors expressly authorized the appointment by the township committee of other officers and men from time to time by resolution, and hence that the prosecutors cannot be heard to complain that such additional appointments have been made. These statements of fact are correct, but it is not true that the appointments made by

this resolution were made as an addition to the existing force. Clearly, they were a substitute force. The right of the subsequent council to vacate the places it sought to fill is palpably involved. . The defendant also says that the act of 1899, *proprio vigore,* vacates the places held by the prosecutors. This construction rests upon the ninety-fifth section of the act above cited, the pertinent language of which is, "All township officers in office when this act shall take effect, &c., shall continue in their respective offices until the second Saturday after the second Tuesday in the month of March, &c., and no longer." We are of opinion, however, that the officers mentioned in this section and affected by it are the persons who filled the several statutory offices of the municipality and not those appointed to serve in its several departments.

Upon the whole, there is nothing to save the resolution brought up by this writ from the charge of being a violation of the law of the municipality affected by it. It is void, and will be set aside, with costs.