J. ALEXANDER BROWNE, RESPONDENT, v. ORVILLE R. HAGEN, APPELLANT.

Argued June 27, 1917—Decided June 17, 1918.

1. The office of health inspector of the city of Paterson, appointed under the authority of section 31 of the General Health act of 1887 (*Comp. Stat.*, p. 2669), is one the term of which is fixed by law, and the incumbent of that office is not protected therein by the Civil Service act.

2. When a public officer is appointed for a fixed term and it is provided that he shall hold over "until his successor should be chosen and qualified," such a provision does not extend the tenure of office of the incumbent, beyond the specified time, for his benefit, but operates only for the purpose of conserving the public interest, so that there shall not be a vacancy in the office through the delay of the successor to qualify, or through the neglect of the appointing power to appoint a successor at the expiration of the term of the incumbent.

On appeal from the Supreme Court, whose opinion is reported in 90 *N. J. L.* 423.

For the appellant, *William I. Lewis.*

For the respondent, *Peter J. McGinnis.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is a *quo warranto* proceeding brought for the purpose of determining the title to the office of health inspector of the city of Paterson. The relator by his information challenges the right of the respondent, Hagen, who is the incumbent, to continue in the occupation of the office, and asserts his own right to hold it. The respondent demurred to the information, and upon the hearing before the Supreme Court judgment was directed for the relator. From that judgment the respondent appeals.

The information discloses the following facts: In November, 1903, the board of health of the city of Paterson ap-

pointed Browne, the relator, health officer of that city. On the 13th of November, 1906, the board reappointed him for a term of three years. On the 13th of November, 1909, he was again reappointed for a term of three years, and until his successor should be appointed.

At the general election held in the city of Paterson, in November, 1912, that municipality adopted the Civil Service act.

Subsequent to its adoption the board of health of Paterson made several attempts to appoint a health officer to succeed Browne, but these attempts were, each of them, ineffectual, because of the inability of the members of the board to agree upon an appointee, until January 12th, 1915. On this latter date one Thomas A. Clay was appointed to the office. In the meantime, and until the appointment of Dr. Clay, the relator continued in the occupation of the office, and in the enjoyment of its emoluments. Dr. Clay entered into the possession of the office shortly after his appointment, and continued to hold it for nearly two years, and then resigned. The board of health accepted his resignation, and on the 14th of November, 1916, appointed Hagen as his successor.

Some little time after this latter appointment the relator filed the present information, and seeks to support it upon the ground that being legally in office at the time of the adoption of the Civil Service act, he was by virtue of its provisions entitled to hold the office during good behavior.

The Civil Service law applies only to those offices the terms of which are not fixed by law. The question which the present case presents, therefore, is this: Was the office of health inspector of the city of Paterson, which was held by Dr. Browne at the time of the adoption of the Civil Service law by that city, one the term of which was fixed by law, or one which had an indefinite term? The power of the board of health of Paterson to appoint a health inspector at the time of the appointment and reappointments of Dr. Browne to that position, was conferred by the thirty-first section of the General Health act of 1887 *(Comp. Stat., p.* 2669), which provides that "local boards of health shall have power and authority

to appoint such subordinate officers and agents  *  *  *  as they may deem necessary, to fix the term of such appointments, and the compensation of such appointees." This section not only authorizes the creation of the office of health inspector, but in express words empowers the board to fix the term thereof. As has already been pointed out, the appointment of Browne, in 1909, was for a definite term of three years, with authority to remain in the occupation of that office after the expiration of the term until his successor should be appointed. We are, therefore, to consider whether the holder of an office who has been appointed by a resolution declaring the term during which he shall hold it, coupled with a further declaration entitling him to continue in the office after the expiration of that term until his successor is appointed, occupies an office the term of which is fixed by law. On the authority of earlier decisions we think it must be declared that he does.

In the case of *Peal* v. *Newark*, 66 *N. J. L.* 265, 271, the common council of Newark passed a resolution appointing Peal as superintendent of buildings for the period of two years, at a salary of $1,500 per year, and this court held that, assuming the resolution to have been passed by legal authority, it fixed the term of the appointee.

In the later case of *McGrath* v. *Bayonne*, 85 *N. J. L.* 188, this court had before it the legal effect of a resolution adopted by the board of councilmen of the city of Bayonne appointing one Noolan to the office of assistant building inspector and fixing the term of the position at one year. It was held by this court that the appointment was for a term fixed by law, the declaration of this court being that a resolution of a municipal body which declares the term of its appointee, such action being in the exercise of a power conferred upon it by the legislature, is as much the fixing of a term by law as if the legislature itself had acted in the premises.

These two cases would be dispositive of the question involved in the present proceeding, except that in the resolutions then under consideration there was no provision that the appointee should hold over after the expiration of his term until

the appointment of his successor; and the contention on the part of the relator is that this provision changes what would have been a definite into an indefinite term.

A similar question was presented to the Supreme Court in the case of *Rightmire* v. *Camden*, 50 *N. J. L.* 43. The city charter of Camden provided for the election of a receiver of taxes, fixed the term of his office at three years, and until his successor should be chosen and qualified. The court held that the term of this officer expired at the end of three years from his election, following the decision of this court in *Haight* v. *Love,* 39 *Id.* 479, and then proceeded as follows: "Nor is the principle above cited"—that is, the principle upon which Haight *v.* Love was rested—"impaired or modified by the fact that the statute which created the office provided that the incumbent should hold until his successor qualified. Such a provision was not designed to extend the tenure of office of the incumbent beyond the specified time for his benefit. Its purpose was to conserve the public interests that there might be no vacancy in office through the delay of the successor to qualify."

We concur in the view thus expressed and consider the declaration equally applicable whether the incumbent holds over through the delay of his successor to qualify, or through the neglect of the appointing body to perform the public duty which the law has cast upon it of appointing a successor at the expiration of the term of the incumbent.

The relator, having been appointed for a term which was fixed by law, does not come within the protection of the Civil Service act, and his challenge of the right of the defendant to hold the office of health inspector is, therefore, without merit. The judgment under review must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 11.