ISRAEL H. ALBERT, TRADING AS L. ALBERT & SON, PLAINTIFF, v. FORD MOTOR COMPANY, DEFENDANT.

Argued May 2, 1933—Decided September 16, 1933.

Before Justices PARKER and PERSKIE.

For the plaintiff, *Gross & Gross*.

For the defendant, *McCarter & English*.

The opinion of the court was delivered by

PERSKIE, J. This matter comes before the court on the return of a rule to show cause why the above entitled cause, now pending in this court (Hudson county) and awaiting trial, should not be stayed. The record submitted on this rule discloses substantially the following facts: On January 6th, 1932, plaintiff instituted suit against the defendant for the breach of an alleged contract, ·under date of January 28th, 1930, which the plaintiff contends he had with the defendant for the sale to him, by the defendant, of certain machinery and equipment. On February 29th, 1932, defendant made application for a bill of particulars. This was allowed and the particulars were supplied. On further application by the defendant additional particulars were furnished it. Thereafter defendant filed a general answer denying liability and particularly pleaded *res adjudicata,* rescission and abrogation by mutual consent. Plaintiff filed his reply to the answer and noticed the cause for trial. About thirteen and one-half months after the institution of this suit, to wit, February 25th, 1933, while this cause was awaiting trial as aforesaid, defendant obtained this rule by virtue of a petition filed by it wherein it in main set forth that in 1930 plaintiff had instituted a suit against the same defendant for the same cause, which suit resulted in a judgment in the sum of $30,084.65 in favor of the plaintiff, and that after the affirmance of the judgment by the Court of Errors and Appeals it was fully paid and satisfied. The plaintiff, however, contends that the judgment and satisfaction thereof as aforesaid, was not for the same cause set forth in the instant suit. That the instant case is founded on an alleged breach by the defendant of a contract with the plaintiff under date of January 28th, 1930, whereas the former suit was for the breach of a contract under date of February 21st, 1930. That the machinery and equipment involved in the former suit was

different from those involved in the instant suit. Notwithstanding the claim made by the defendant that the present suit is vexatious and an abuse of the process of the court (*Dengler* v. *Hayes*, 63 *N. J. L.* 14), nevertheless counsel for the defendant frankly admit or concede that at least three of the machines involved in the instant case were not involved in the former suit. And this is not all. Campbell S. Lennie, witness of defendant, and the person in charge of this entire transaction between the plaintiff and defendant testified as follows on cross-examination:

"*Q.* And on your January 28th offer, or agreement, or letter, it was likewise fifty per cent. of the machinery which did not constitute part of the February 24th agreement?

Mr. McCarter—"I object to this as argumentative and calling for testimony as to the contents of documents which themselves are in evidence.

"*Q.* Here is what I am trying to point out: Before when I was discussing the February 24th agreement, I pointed out that there is $10,900 worth of machinery included in that contract that were not mentioned in the January 28th contract? *A.* Yes.

"*Q.* And I said that that constituted fifty per cent. of the purchase price under the February 24th agreement; isn't that so? *A.* Apparently, yes.

"*Q. And that that machinery did not constitute any part of the agreement under date of January 28th, 1930; is that so? A.* That is correct.

"*Q. And I further pointed out that approximately fifty per cent. of the machinery mentioned in the February agreement was not included in the January 28th agreement. A.* That is correct."

Mr. Lennie also gave testimony which tended to establish that there had been a rescission of the contract relied upon in the instant case.

The courts of England always possessed the inherent power to stay an action brought against good faith. *Cocker* v. *Tempest*, 7 *Mees. & W.* 502, it is held:

"Parke, B. There can be no doubt that the court has

power to stay an action which is brought against good faith, but the power is one which requires great discretion in the exercise of it.

"Alderson, B. The power of each court over its own process is unlimited; it is a power incident to all courts, inferior as well as superior; were it not so, the court would be obliged to sit still and see its own process abused for the purpose of injustice. The exercise of the power is certainly a matter for the most careful discretion; and where there are conflicting statements of facts, I agree that it is in general much better not to try the question between the parties on affidavit. The power must be used equitably; but if it be made out that the process of the court is used against good faith, the court ought to interfere to prevent it, for the purpose of administering justice."

Our courts have and do exercise the same power. In the unreported case of Edgar v. Savage, argued February 25th, and decided March 8th, 1915 (before Justices Trenchard, Bergen and Black), it was held:

"While the power of the court to control the proceedings within its jurisdiction is not questioned by the plaintiff's counsel, he, however, insists that the court will not interfere and restrain the prosecution of a suit which has been settled, unless the facts are substantially undisputed, so that it appears the power of the court is being used contrary to good faith. We are inclined to think that this question ought not to be settled by the court upon these conflicting depositions, and that the defendant should be allowed to file a supplemental answer setting up the settlement, to which the plaintiff may take issue, and the question of fact settled by a jury, where the defendants will have the advantage of every legal objection that is now represented concerning the delay in making the offer of restitution and other matters now urged in support of the rule. This accords with the rule stated by Baron Alderson in the case of *Cocker* v. *Tempest, 7 Mees. & W.* 502 * * *. The exercise of the power is certainly a matter for the most careful discretion; and where there are conflicting statement of fact, I agree that it is in general

much better not to try the question between the parties on affidavit."

See interesting and exhaustive foot notes in case of *Central Railroad Co.* v. *West Line Railroad Co.,* 32 *N. J. Eq.* 67.

Now, can it be said that the facts in the instant case are substantially undisputed or that they are free from conflict? We think not. We have already pointed out some of the testimony and admission which tends to create dispute and conflict. The defenses of *res adjudicata* and rescission already pleaded by defendant shall afford it full opportunity to meet the issue on the merits.

Accordingly the stay heretofore granted is dissolved and further stay is denied, with costs.