PETER W. SKLADZIEN, PROSECUTOR, v. BOARD OF EDU-
CATION OF THE CITY OF BAYONNE AND STATE
BOARD OF EDUCATION, DEFENDANTS.

Submitted January term, 1934—Decided July 10, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD
and HEHER.

For the prosecutor, *Chares Rubenstein.*

For the defendants, *Alfred Brenner.*

PER CURIAM.

The writ of *certiorari* allowed in this case brings up for
review a resolution of the board of education of the city of
Bayonne terminating the services of the prosecutor, Dr.
Peter Skladzien,. as medical inspector in the schools of that
city. The record in the case shows that the prosecutor was,
on August 3d, 1931, by resolution of the board of education,
*reappointed* medical inspector for a term of three years. He
had been in the service of the board prior thereto in a like
capacity for a five-year term, the date of the former appoint-
ment being June 3d, 1926.

Certain rules and regulations, concerning the affairs of
school administration, had been in effect since 1931, upon
which, in part, the prosecutor relies for his reinstatement to
office. Among them we find the following:

"91. The chief medical inspector and medical inspectors shall be appointed in the first instance for a term of one year and thereafter in case of reappointment for a term of three years in the discretion of the board * * *."

The board of education, for the year 1932, adopted the same rules as the preceding board, which included rule 91, *supra,* and the 1933 board of education did likewise. This rule (91) is of importance in this case and remained among the regulations, word for word, as above stated, at the time of the adoption of the resolution, here challenged. It was amended on April 6th, 1933, so as to fix the term of medical inspectors for one year instead of three. However, on March 16th, 1933, the resolution here under consideration, was adopted which terminated the services of the prosecutor as medical inspector. It will be observed that the prosecutor served under this board, *i. e.,* the 1933 board of education, from February 1st, 1933, until March 16th, 1933.

The prosecutor appealed to the commissioner of education for a reversal of the action of the board, but he upheld the validity of the resolution. A further appeal was taken to the state board of education which affirmed the decision of the commissioner of education.

Three reasons are here assigned by the prosecutor for a reversal of the resolution in question, the chief of which is that the resolution illegally terminated the three-year appointment of the prosecutor as medical inspector. In support of this point, it is argued that the board of education, for the year 1931, was within its rights in appointing the prosecutor for a three-year term by virtue of the provisions of section 229 of the School law, which may be found under chapter 84 of the laws of 1931. *Pamph. L.* 1931, *p.* 143. That section provides as follows:

"229. Every board of education shall employ a competent physician to be known as the medical inspector, and may also employ a nurse, and fix their salaries and terms of office. Every board of education shall adopt rules for the government of the medical inspector and nurse, which rules shall be submitted to the state board of education for approval."

The position of the prosecutor is perfectly plain. He says, first, that the statute (section 229, *supra*) authorized an appointment for a fixed term; second, the rules (section 91, *supra*) permitted a reappointment for three years, and third, that he was *reappointed* for a three-year term and, consequently, could not be molested (except for some delinquency, which is not the case here) until his term expired, relying on *Bradshaw* v. *Camden*, 39 *N. J. L.* 416, and *Bohan* v. *Weehawken*, 65 *Id.* 490; 47 *Atl. Rep.* 446. We do not think that the doctrine laid down in these and other cases of like import is controlling or even pertinent here. The former case concerned the make-up of the fire department of the city of Camden, the latter the creation of a police department of the township of Weehawken. In these cases the legislation in question granted the right of municipal control to the governing body. In the very nature of things this is rather essential with regard to the important duties devolving on police and fire departments.

Now the statute here under consideration (section 229, *supra*) provides that "every board of education shall employ * * * medical inspector, etc. * * *" which, as we see it, must be construed as giving such power of appointment to *each* board of education.

A new board comes into being each year since, as here, the term of three members expires each year and, whether new persons are appointed to complete the board or the personnel remains the same, in fact and in law it is a new board of education. Such board is not therefore a continuous body for that reason. It has all of the indicia of non-continuous bodies. It organizes in February of each year, adopts rules for its own administration each year, is completed each year by the selection of three new members in the place and stead of those three whose terms have expired. Cf. *State* v. *Rogers*, 56 *N. J. L.* 480; 28 *Atl. Rep.* 726; *Gulnac* v. *Bergen*, 74 *N. J. L.* 543; 64 *Atl. Rep.* 998; *Greene* v. *Freeholders of Hudson County*, 44 *N. J. L.* 388.

Nor has the prosecutor any rights, contractual in nature, that have been violated. The post is an office and not a position. It is a place in the governmental system expressly

created by law and to which certain public duties attach. *Stewart* v. *Freeholders of Hudson County,* 61 *N. J. L.* 118; 38 *Atl. Rep.* 842; *Fredericks* v. *Board of Health,* 82 *N. J. L.* 200; 82 *Atl. Rep.* 528, and the acceptance of a public office does not create a contract between the parties. *City of Hoboken* v. *Gear,* 27 *N. J. L.* 265; *Kenny* v. *Hudspeth,* 59 *Id.* 320; 36 *Atl. Rep.* 662.

If the prosecutor's contention is sound, he might have, under the rules of a particular board, been appointed for a term of thirty years instead of three. This, too, would be defensible if such was the legislative intent in enacting the statute (section 229, *supra*), but we do not so construe it. *Generally,* unless the term be fixed by statute, presently in force, or by ordinance or rule under legislative sanction, by direct delegation of that right of municipal control to the appointing power, the term of an appointee to office cannot be longer than co-terminous with that of the appointing power. Obviously it may be shorter.

The statute (section 229, *supra*) granted the board the right of administration only, with its essential incidents, which do not possess the quality of legislation. *Mathis* v. *Rose,* 64 *N. J. L.* 45; 44 *Atl. Rep.* 1135; *Greene* v. *Freeholders, supra.*

It was not the legislative intent, as we see it, to pre-empt a succeeding board of education from exercising its prerogative of appointing a medical inspector of its own selection.

The further point is made that because the prosecutor rendered services up to March 16th, and that during that interval, from February 1st, the board received his reports and paid him a salary, amounts to a ratification, is without merit. The commissioner of education held that that was not a ratification of the employment of the prosecutor and we agree with that finding.

As to the last point that the prosecutor was dismissed without charges being preferred against him, holding the view that we do, that his employment might be terminated by the new board, no charges were necessary.

The decision of the state board of education will be affirmed and the writ dismissed, with costs.