THE BOARD OF EDUCATION OF CEDAR GROVE, IN THE COUNTY OF ESSEX, PROSECUTOR, v. STATE BOARD OF EDUCATION AND GEORGE W. DAVIES, RESPONDENTS.

Argued January 17, 1935—Decided April 17, 1935.

Before Justices HEHER and PERSKIE.

For the prosecutor, *John Trier* and *Samuel W. Boardman, Jr.*

For the respondent George W. Davies, *Spaulding Frazer.*

The opinion of the court was delivered by

HEHER, J.   The sole question presented for determination is whether the respondent Dr. Davies, as medical inspector in

the school system under the jurisdiction of prosecutor, held an office or position within the provisions of chapter 29 of the laws of 1929 (*Pamph. L.* 1929, *p.* 57), protecting, among others, the holder of a "position or office under the government of this state, or the government of any county, city, town, township, or other municipality of this state, including any person employed by a school board or board of education, * * * whose term of office is not now fixed by law, * * * who has served as a soldier, sailor or marine, in any war of the United States, or in the New Jersey state militia during the period of the World War, and has been honorably discharged, * * *" against removal from "such position or office except for good cause shown after a fair and impartial hearing." The tenure is "during good behavior." On September 5th, 1933, Dr. Davies, who had served in this office for many years, was removed, and another appointed in his place. The state commissioner of education answered this inquiry in the affirmative; and the state board of education affirmed the judgment. The local board of education thereupon sued out a writ of *certiorari.*

The challenged judgment is erroneous. Dr. Davies held the office in question for a term prescribed by law, and he was therefore not within the statutory class. Section 229 of the act establishing our public school system, as amended, ordains that "every board of education shall employ a competent physician to be known as the medical inspector, and may also employ a nurse, and fix their salaries and terms of office." *Pamph. L.* 1931, *p.* 143. In *Skladzien* v. *Board of Education of the City of Bayonne,* 12 *N. J. Mis. R.* 602; 173 *Atl. Rep.* 600, this court held that, in virtue of this provision, "a new board comes into being each year," and that there is vested in each succeeding board the "prerogative of appointing a medical inspector of its own selection."

Counsel, while criticising the interpretation thus placed upon the statute, seeks to distinguish this and the instant case. The attempt at distinction would seem to be in vain; but we need not pursue either inquiry. There is no factual basis for Dr. Davies' claim that he is within the statutory

class. He was, in fact, appointed to the office in question for a fixed term of one year. With one or two exceptions, according to the board's minutes, he was reappointed annually during the term of his service. He was first retained in 1917; the minutes are silent as to the term of his appointment. On November 7th, 1918, he resigned to enter the nation's military service. On January 31st, 1919, he received an honorable discharge from the service; and, on February 6th, 1919, he was "reappointed medical inspector for the *balance of the term.*" It is evident that the reference is to the school term. On August 4th, 1921, he was *"re-engaged* as medical inspector for the *coming school year* at salary of $400 a year;" on April 25th, 1922, he was *"re-engaged* as medical inspector at salary $400 per year;" on August 21st, 1924, he was *"re-engaged* at salary of $60 per month *for ten months;"* on March 23d, 1927, he was *"reappointed* school physician;" on March 1st, 1928, he was "nominated and elected school physician." On March 25th, 1929, the teachers committee was empowered to "engage Dr. Davies as school physician;" and on March 6th, 1930, he was "elected school physician." The minutes have this item under date of March 19th, 1931: "On individual motion the following were elected: * * * school physician, George W. Davies." And the final appointment was made in 1932. The minutes contain the following entry: "Mr. Ludlum was elected vice-president; Mr. Little, clerk; Mr. Myers, custodian; Mr. Stech, janitor; Dr. Davies, physician." All "were elected on individual motion." Under date of June 1st, 1933, this item appears: "Teachers committee recommended Dr. Davies be not re-engaged as school physician." The pertinent provisions of the minutes for the years 1923, 1925 and 1926 make mention only of the salary to be paid to Dr. Davies.

The minutes thus clearly evince the board's purpose to make the final appointment the customary annual one for a fixed term. It is hardly open to question that, in these circumstances, all parties understood that Dr. Davies held his office, during the entire period, in virtue of annual appointments for a fixed term of one year. It is evident that he was

not, as the commissioner found, "appointed indeterminately by several resolutions of the board of education." And the final appointment, or, as it is termed in the minutes, "election," is given character by the relation which had theretofore existed between the parties, and the practice and course of conduct that had governed them. It may well be that, standing alone, it affords a rational basis for the claim of an indefinite tenure; but, when considered in the light of the practice that had governed the parties, it is clear that this was the conventional annual appointment for a prescribed term of one year. His original appointment, after his return from military service, was for the "balance of the term." He was thereafter "re-engaged  *  *  *  for the coming school year;" and the minutes show that, subsequent to the year 1926, he was annually "reappointed," "engaged," or "elected" to the office in question. While the minutes, in this regard, may be technically deficient, they substantially show an appointment for a fixed term. Technical accuracy in the notation of such proceedings upon the minutes of the body is not required. It may well be that, if defective or ambiguous, parol evidence would be admissible to revise and correct them; but there was no attempt in the instant case to show that the appointment was, in fact, for an indefinite term. The power of the local board to fix the term cannot be denied; it is expressly conferred by the statute. It is immaterial whether these annual appointments were for the school year, or for a period coterminus with the life of the board, assuming the applicability of the doctrine laid down in the *Skladzien case, supra*. In either event, he was not, at the time of the appointment of his successor, in the preferred class created by the statute.

Nor is there significance in the fact, found by the commissioner, that "after November, 1919, appellant continuously served as medical inspector without *formal notice* of re-election." The lack of "formal notice" does not convert an appointment for a definite term into an indefinite tenure. The relationship is not contractual in nature. In making the appointment in question, the board was indubitably filling a public office created by statute. *Fredericks* v. *Board of*

*Health,* 82 *N. J. L.* 200. Civil officers are appointed for the purpose of exercising the functions and carrying on the operations of government. To refuse an office in a public corporation connected with local jurisdiction was, at the common law, an offense punishable by indictment. An office was regarded as a burden which the appointee was bound, in the common interest, to bear. *Kuberski* v. *Haussermann,* 113 *Id.* 162; 172 *Atl. Rep.* 738; *Ross* v. *Board of Freeholders,* 90 *N. J. L.* 522; *Stuhr* v. *Curran,* 44 *Id.* 181; *Hoboken* v. *Gear,* 27 *Id.* 265. Public offices are not created for the benefit of office-holders. In England offices were early regarded as incorporeal hereditaments granted by royal favor, and the subjects of vested or private interests. In this country they are not held by grant or contract; nor has any individual an indefeasible right therein beyond the constitutional tenure and the emoluments arising out of the actual rendition of services for which they are compensatory. *Stuhr* v. *Curran, supra.* Moreover, it is to be presumed that Dr. Davies knew the term of his several appointments. Public policy does not permit of a contrary rule. These appointments were made at meetings of a public body; and its minutes are public records, and open to the inspection of all citizens.

Judgment reversed.