HENRY M. EVANS, PROSECUTOR, v. BOARD OF EDUCA-TION OF GLOUCESTER CITY, AND STATE BOARD OF EDUCATION OF NEW JERSEY, DEFENDANTS.

Argued May term, 1935—Decided June 26, 1935.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *Henry M. Evans, pro se.*

For the defendants, *Firmin Michel.*

PER CURIAM.

Prosecutor seeks to review the action of the state board of education in holding that a solicitor for a local board of education held an office or position, the term of which was fixed by resolution or law at one year. He claims an indefinite term and tenure under the Veterans' act of 1929. *P. L.,* ch. 29, *p.* 57; *Cum. Supp. Comp. Stat.* 1925-1930, *p.* 1747, § 191-63.

Local boards of education under section 50 of the School law (*Comp. Stat., p.* 4741) have power to appoint needed officers and agents and to fix their compensation and term of office. For a number of years, prosecutor was annually appointed solicitor for a term of one year. On December 13th, 1932, he was again appointed without mention of term, except that his appointment was from December 1st, 1932, for an annual salary. Soon thereafter a successor was chosen without charges having been made.

A local board of education is a non-continuous body of necessity organizing each year. *Skladzien* v. *Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602; 173 *Atl. Rep.* 600, affirmed Court of Errors and Appeals. Prosecutor's term of office was either fixed by the resolution creating the office at one year, or if not so fixed in the absence of statute, presently in force, or ordinance or rule under legislative sanction, the term was for one year being co-terminous with that of the appointing power. *Skladzien* v. *Board of Education of Bayonne, supra.*

It is not material to the determination of this case that the solicitor of a board of education be regarded as an officer. However, we think he was an officer rather than the holder of a position. *State, Hoxsey, Pros.,* v. *Paterson,* 40 *N. J. L.*

186. His term of office, as before noted, was either fixed at one year by the resolution creating the office or by law.

The Supreme Court held in *Board of Education* v. *Bidgood*, 11 *N. J. Mis. R.* 735; 168 *Atl. Rep.* 162, that a chauffeur to a board of education held a position and was protected by the Veterans' act. He was appointed without term for a monthly salary. The Court of Errors and Appeals had not decided, when that decision was rendered, that local school board officers and employes hold, in the absence of other circumstances, a term co-terminous with that of the board making the appointment.

The writt will be dismissed.