PATRICK J. O'CONNELL, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF BAYONNE, RESPONDENT.

Submitted October 15, 1935—Decided December 11, 1935.

Before Justices CASE and BODINE.

For the prosecutor, *Patrick J. O'Connell, pro se.*

For the respondent, *Alfred Brenner.*

The opinion of the court was delivered by

CASE, J.   The writ of *certiorari* brings up a resolution, comprehensive of earlier resolutions, passed by the board of commissioners of the city of Bayonne on May 21st, 1935; but the real contest is over the office of corporation counsel now in the possession of Alfred Brenner and of which the prosecutor, Patrick J. O'Connell, claims to have been wrongfully deprived by the resolution under review.

The city of Bayonne is governed by a board of five commissioners under the Walsh act.   In May, 1931, the then newly elected board by a resolution, pursuant to the statute, *infra,* assigned and distributed the powers of municipal government among the several commissioners, as directors, and

in so doing assigned the powers and duties of the legal department to the department of revenue and finance. In May, 1932, the board passed an ordinance creating the office of corporation counsel and fixing the term at one year. On June 2d, 1932, the director of the department of finance appointed Alfred Brenner thereto for the ordinance term; and Brenner served uninterruptedly until February 28th, 1935, without further appointment, except that on February 26th, 1935, the director of the department of revenue and finance signed, and on the next day filed with the city clerk, a certificate that he thereby continued the appointment of Mr. Brenner for a term ending May 21st, 1935. On the last mentioned date the then existing board was due to retire and its successor board to organize, and these events materialized accordingly. On May 22d, 1935, Brenner was reappointed to an additional term as corporation counsel by the director of the department of revenue and finance. Meanwhile, however, the board, on February 6th, 1934, had passed, by a division and against the vote of the director of revenue and finance, a resolution purporting to recover the law department to the board of commissioners as a whole; and on February 28th, 1935, the board, acting as a whole, again by a division and against the vote of the director of revenue and finance, resolved to dispense with the services of Brenner forthwith, and to appoint the present prosecutor as corporation counsel. Brenner, to facilitate city business, relinquished such of his files as related to matters requiring immediate attention but appears to have retained control of the remainder and to that extent to have retained tenure. On May 21st, 1935, the newly elected board of commissioners took office and immediately passed the resolution brought up by the writ. That resolution recited the resolutions of February 6th, 1934, and of February 28th, 1935, denounced them as unlawful and formally set them aside and terminated the services of O'Connell. O'Connell quit immediately. The writ issued on June 29th, 1935.

We think that prosecutor has not pursued a proper remedy. After May 21st, 1935, he was physically out of office; also

legally, as we shall find; but the emphasis at this point is upon the fact that he had not the *status* of one who, being in possession of his office, wishes to remove a proceeding which he apprehends may be used unlawfully to disturb him in his tenure. *Murphy* v. *Freeholders of Hudson County,* 92 *N. J. L.* 244; *Hartley* v. *Board of Elections,* 93 *Id.* 313. He was rather in the category of an ousted official seeking redress against a new incumbent, and it was said in *Moore* v. *Bradley Beach,* 87 *Id.* 391, that in such instance "the only remedy would be a *quo warranto.*" The rule is stated thus in *Bradshaw* v. *Camden,* 39 *Id.* 416:

"If the title of a claimant in possession of the office was to be tried, it would be necessary to resort to a *quo warranto,* but the relator in this case being in possession of the office, the proceedings taken by the common council, threatening to disturb him in the enjoyment of it, can be reviewed only by *certiorari.* The object of prosecuting a *quo warranto,* is to have one in possession adjudged guilty of usurpation."

Brenner, when the writ issued, was in actual possession and *user. Bumsted* v. *Blair,* 73 *N. J. L.* 378. Further, since that is so, he should be a party to any action to dislodge him. He is not a party herein.

Nevertheless we express our view that the board of commissioners, in assuming to take the law department back unto itself and, as a body, to appoint prosecutor to the office of corporation counsel, had not the lawful authority to do so. The fourth section of the Walsh act, as amended by chapter 221. *Pamph. L.* 1930, provides that:

"The executive, administrative, judicial and legislative powers, authority and duties in such municipality shall be distributed into and among five departments, except that in any city having but three commissioners, three departments shall be designated and provided by the consolidation of the first and third departments and the fourth and fifth departments * * *."

The board did not undertake to appoint any of the officers of the legal department at its organization meeting or soon thereafter (*Seaman* v. *Strollo,* 105 *N. J. L.* 570); neither

did it so act on the passing of the corporation counsel ordinance. On the contrary, it, by appropriate corporate action, assigned the legal department to the department of revenue and finance and allowed that *status* to remain undisturbed for years. It did not undertake to exercise the power to remove the incumbent or to appoint a substitute until less than three months before the expiration of the board's four year life. *Foley* v. *Orange,* 91 *Id.* 554, and *Sykes* v. *Heinzman,* 100 *Id.* 12, are clearly to the effect that the statute is imperative in its direction that the powers shall be distributed amongst the several departments; and, that being so, we are of the opinion that the appointment of a subordinate municipal officer could not, at that late day, be reclaimed for direct action by the board as a whole.

We think, also, that there was not a vacancy in the office at the time of the board's abortive effort at appointment. Brenner, on February 26th, 1935, was serving in the capacity of a "hold-over." The term of office was not statutory. Ordinance fixed it at one year. The director of revenue and finance, with whom the power of appointment properly lay, then certified that he thereby continued Brenner's appointment for a term ending May 21st, 1935. That may be regarded as an appointment for so much of the ordinance term as remained in the life of the old board. The term of the appointee was thus made co-terminus with that of the appointing body. The board was a non-continuous body. An effort to appoint for a longer term would have been futile. *Skladzien* v. *Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602.

The writ will be dismissed, with costs.