JEANETTE BODNAR, PROSECUTRIX, v. THE BOARD OF HEALTH OF THE BOROUGH OF CARTERET, DEFENDANT.

Heard May 2, 1936—Decided May 8, 1936.

Before Justice CASE pursuant to the statute.

For the prosecutrix, *John E. Toolan.*

For the defendant, *Nathaniel A. Jacoby.*

CASE, J. The writ brings up a resolution of the board of health of the borough of Carteret, adopted January 9th, 1936, declaring vacant the position of board of health nurse. The effect of the resolution was to sever prosecutrix from her position without the preferment of charges and without hearing. The case actually turns upon whether or not the board of health of the borough had the authority, on January 10th, 1935, to appoint, as it did, Mrs. Bodnar to the position for a term extending beyond the prospective date of reorganization in January, 1936. Such authority as the board had lay within the provisions of section 31, chapter 68, *Pamph. L.* 1887—the Board of Health act—which provides as follows:

"That such local boards of health shall have power and authority to appoint such subordinate officers and agents to carry into effect the powers hereby conferred as they may deem necessary, to fix the term of such appointments and the compensation of such appointees; and in every city, town, borough or other local municipal government, containing a population of two thousand inhabitants or more, there shall be at least one inspector appointed by such board; the duties of the officers and appointees of the said board shall be prescribed and defined by rules, regulations or ordinances made for that purpose."

That section has been specifically construed by the Court of Errors and Appeals in *Browne* v. *Hagen,* 91 *N. J. L.* 544; 104 *Atl. Rep.* 207, and *Clay* v. *Browne,* 96 *N. J. L.* 303; 114 *Atl. Rep.* 808, affirmed on the opinion below, 97 *N. J. L.* 315: 116 *Atl. Rep.* 926. The language and reasoning of these opinions, particularly in Clay *v.* Browne, are such that I am constrained to conclude that the Court of Errors and Appeals considered that the section authorized the appointment of officers and agents by a local board for a period longer than one year. I am not unmindful of the decisions in

*Skladzien* v. *Board of Education of the City of Bayonne,* 12 *N. J. Mis. R.* 602; 173 *Atl. Rep.* 600; *affirmed,* 115 *N. J. L.* 203; 178 *Atl. Rep.* 792; *Board of Education of Cedar Grove* v. *State Board,* 115 *N. J. L.* 67; 178 *Atl. Rep.* 208; *O'Connell* v. *Bayonne,* 116 *N. J. L.* 61; 181 *Atl. Rep.* 902, and *Evans* v. *Board of Education,* 13 *N. J. Mis. R.* 506; 179 *Atl. Rep.* 475. Those cases, however, seem to leave untouched the findings in *Browne* v. *Hagen, supra,* and *Clay* v. *Browne, supra,* which, neither overruled nor distinguished, are so directly in point that I, sitting in my present capacity, regard them as controlling. This leads to the conclusion that the board, in January, 1935, did have the authority to appoint for a period of more than one year.

The statute further provides, in section 36, that "the appointees, agents and officers of the said boards, except those merely temporary, shall hold their offices during the term for which they were severally appointed, and shall not be removed therefrom except for cause and after an opportunity has been given them for a hearing." This makes quite plain that one who has been lawfully appointed shall be permitted to serve for the designated term unless removed in accordance with the statute.

My conclusion, therefore, is that, as against any reason presented to me, the prosecutrix held her position by a valid, subsisting appointment and that the resolution declaring the position vacant was invalid.