JEANETTE BODNAR, PROSECUTOR-RESPONDENT, v. BOARD OF HEALTH OF THE BOROUGH OF CARTERET, DEFENDANT-APPELLANT.

Submitted October 30, 1936—Decided January 22, 1937.

For the appellant, *Nathaniel A. Jacoby* (*Abraham D. Glass,* of counsel).

For the respondent, *John E. Toolan.*

The opinion of the court was delivered by

HEHER, J.   We are of opinion that the appellant board of health is not a non-continuous body within the intendment of the case of *Skladzien* v. *Board of Education of Bayonne,* 12 *N. J. Mis. R.* 602.   The school law there under consideration provides for the annual organization of the local administrative body on the 1st day of February, by the election of a president and vice-president for a term of one year, and until the election of their respective successors.   *Pamph. L.* 1912, *p.* 655.   Non-continuity is the avowed policy of the statute.   The expressed intention is that, "in cases of boards of education consisting of five members, one shall go out of office each year, and in cases of boards of education consisting of nine members, three shall go out of office each year."   In order to effectuate the general scheme, vacancies are required to be filled for the unexpired term only; and each appoint-

ment made necessary by reason of term expiration is directed to be made between the second and fifteenth days of January in each year, for a term to commence on the succeeding first day of February. Where the local board consists of five members, the term of each is fixed at five years; where it is composed of nine members, the prescribed term is three years. And, to the same end, "first appointments * * * may be for less than full terms, if necessary." Chapter 370, *Pamph. L.* 1912, *p.* 655, as amended by chapter 9, *Pamph. L.* 1921, *p.* 30. Paragraph 229 of the act, as amended by chapter 84 of the laws of 1931 (4 *Comp. Stat.* 1910, *p.* 4803; *Pamph. L.* 1931, *p.* 143), ordains that *"every* board of education shall employ a competent physician to be known as the medical inspector, and may also employ a nurse, and fix their salaries and terms of office." These provisions, considered as a whole, were construed in the cited case as making evident a legislative design to have "a new board" come "into being each year."

But the act creating local boards of health reveals no such policy. It decrees (paragraph 9) that the board "shall be composed of not less than five nor more than seven members, who shall be appointed in such manner and hold their respective offices for such terms, not exceeding four years," as the governing body "may by ordinance provide." In respect of the annual expiration of terms of office of the members, it merely directs that they "shall be so arranged that the terms of not more than three members shall expire in any one year;" and there is no provision for the yearly organization of these bodies. Then, too, the provision for the appointment of officers and agents is substantially different. It is couched in this language (paragraph 31) : "That such local boards of health shall have power and authority to appoint such subordinate officers and agents * * * as they may deem necessary, to fix the term of such appointments and the compensation of such appointees." Paragraph 36 grants tenure to such appointees "during the term for which they were severally appointed;" it protects them from removal "except for cause and after an opportunity has been given them for a hearing." 2 *Comp. Stat.* 1910, *pp.* 2662, 2669, 2670. The provisions

limiting the governing body in its exercise of the granted power to prescribe the number of members constituting the board and to fix the term within the limits laid down, do not, without more, evince a legislative purpose to give the boards so created the status or attributes of non-continuous bodies. The general legislative policy, as exhibited by the whole act, is to the contrary. A limitation of the general authority, conferred by paragraph 31, *supra,* to fix the term of the board's appointed officers and agents is not, as in the Skladzien case, *supra,* to be found in the language employed to express the legislative purpose.

The statutes are essentially different in scheme. The school law provides that the term of the expiring member or members, depending upon the number constituting the body, shall terminate on the 31st day of January. The terms of their respective successors commence on the following day, when the board is required to organize under the provision for annual organization. It is then, in contemplation of the statute, a "new body." The Health act, on the other hand, while providing that the terms of not more than three members shall terminate "in any one year," makes no provision for simultaneous expirations. They may be separated by a substantial interval of time without violating the statutory precept. Their successors do not take office together. And there is no provision for organization after a new member assumes his office; nor is such a requirement to be implied. There is no relation between the annual appointments and the organization of the body. Continuity is a distinctive characteristic.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 13.

*For reversal*—None.