JEANETTE BODNAR, PLAINTIFF-APPELLEE, v. THE BOARD
OF HEALTH OF THE BOROUGH OF CARTERET, DE-
FENDANT-APPELLANT.

Submitted January 19, 1937—Decided March 23, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Nathaniel Jacoby*.

For the plaintiff-appellee, *John E. Toolan*.

PER CURIAM.

The plaintiff, a nurse, employed by the board of health of
the borough of Carteret, was illegally discharged January
9th, 1936. *Bodnar* v. *Board of Health,* 14 *N. J. Mis. R.* 318;
184 *Atl. Rep.* 632; *affirmed,* 189 *Atl. Rep.* 95; 117 *N. J.
L.* 527.

The present action was brought after the decision of the
Supreme Court and before the affirmance by the Court of
Errors and Appeals, to recover the salary due the plaintiff
for the months of January, February, March and April, 1936.
The trial court refused to stay the action until the determi-
nation of the cause in the Court of Errors and Appeals.

The statute applicable to the plaintiff's situation is as
follows: "Whenever any municipal officer or employe has
been or shall be illegally dismissed from such office or employ-
ment, and the said dismissal has been or shall be set aside

as illegal by a court of competent jurisdiction, such officer or employe shall be entitled to recover the salary of such office or employment for the period covered by such illegal dismissal." *Pamph L.* 1918, *ch.* 139, *p.* 322, as amended, *Pamph. L.* 1919, *ch.* 149, *p.* 323; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 2137, § *136-1320B(1). The dismissal of plaintiff having been set aside by the Supreme Court, an action for the salary fixed for the plaintiff's employment was well founded.

Appellant complains because the trial court refused a stay pending the determination of the invalidity of the dismissal in the Court of Errors and Appeals. The granting of a stay of a law action is usually a matter vested in the sound discretion of the trial court. The Court of Errors and Appeals having now determined that the plaintiff was unlawfully deprived of her office, we need not consider whether there should have been a stay, and the judgment below is affirmed, with costs.