CHARLES J. LARKEY, PROSECUTOR, v. CITY OF BAYONNE, THE BOARD OF COMMISSIONERS OF THE CITY OF BAYONNE AND JOHN F. LEE, CITY CLERK OF THE CITY OF BAYONNE, RESPONDENTS.

Submitted May 2, 1939—Decided August 8, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Merritt Lane*.

For the respondents, *William A. Rubin*.

BODINE, J. The Supreme Court allowed this writ to test the validity of an ordinance of the city of Bayonne fixing the term of the health officer of that city for the term of five years. The ordinance was adopted April 5th, 1938. The writ also tests the validity of an ordinance adopted January 5th, 1939, designed to repeal the earlier ordinance. The ordinance of April 5th, 1938, besides fixing the term, imposed upon the health officer the duty of enforcing the sanitary code and all other ordinances relating to the public health. The prosecutor was duly appointed November 14th, 1938, and qualified.

*R. S.* 26:3-19, so far as pertinent, in part provides as follows: "The local board [of health] may employ such personnel as it may deem necessary, including health officers, sanitary inspectors, and plumbing inspectors, to carry into effect the powers vested in it. It shall fix the duties, term, and compensation of every appointee. The appointee, agents and officers of a local board shall hold their offices during the term for which they are severally appointed, and shall not be removed except for cause and after an opportunity has been given them for a hearing. Any duly appointed health officer shall, during the term of his appointment and subject to the superior authority of the local board appointing him, be its general agent for the enforcement of its ordinances and the sanitary laws of the state within the territorial jurisdiction of the board."

The city contends that the Board of Commissioners on April 5th, 1938, had no power to fix the term of the health officer for five years; that fixing it is claimed was *ultra vires*,

and that prosecutor was, therefore, appointed without legal authority and is a mere *de facto* officer. This is not the law. The term of the prosecutor having been fixed by ordinance, pursuant to the statute, the power to rescind was gone. *Haight* v. *Love*, 39 *N. J. L.* 14; *affirmed, Id.* 476; *Clay* v. *Browne*, 96 *Id.* 303; *affirmed,* 97 *Id.* 315.

The provisions of *R. S.* 26:3-19 apply to municipalities like Bayonne operating under the commission government. *Salter* v. *Burk*, 83 *N. J. L.* 152; *Keffer* v. *Gaskill*, 88 *Id.* 77; *Walsh* v. *Trenton*, 117 *Id.* 64; *Mattia* v. *Newark*, 119 *Id.* 268. The legislature having conferred on the municipality authority to fix the term without limitation, the cases, to the effect that the board of commissioners being a non continuous body cannot fix a term extending beyond its life, are inapplicable.

In *Bodnar* v. *Board of Health of Carteret*, 14 *N. J. Mis. R.* 318 (Mr. Justice Case sitting on *certiorari* pursuant to the statute, *affirmed,* 117 *N. J. L.* 527) this court held: "That section has been specifically construed by the Court of Errors and Appeals in *Browne* v. *Hagen*, 91 *N. J. L.* 544; 104 *Atl. Rep.* 207, and *Clay* v. *Browne*, 96 *N. J. L.* 303; 114 *Atl. Rep.* 808; affirmed on the opinion below, 97 *N. J. L.* 315; 116 *Atl. Rep.* 926. The language and reasoning of these opinions, particularly in *Clay v. Browne*, are such that I am constrained to conclude that the Court of Errors and Appeals considered that the section authorized the appointment of officers and agents by a local board for a period longer than one year. I am not unmindful of the decisions in *Skladzien* v. *Board of Education of the City of Bayonne*, 12 *N. J. Mis. R.* 602; 173 *Atl. Rep.* 600; *affirmed,* 115 *N. J. L.* 203; 178 *Atl. Rep.* 792; *Board of Education of Cedar Grove* v. *State Board*, 115 *N. J. L.* 67; 178 *Atl. Rep.* 208; *O'Connell* v. *Bayonne*, 116 *N. J. L.* 61; 181 *Atl. Rep.* 902, and *Evans* v. *Board of Education*, 13 *N. J. Mis. R.* 506; 179 *Atl. Rep.* 475. Those cases, however, seem to leave untouched the findings in *Browne* v. *Hagen, supra,* and *Clay* v. *Browne, supra,* which, neither overruled nor distinguished, are so directly in point that I, sitting in my present capacity, regard them as controlling. This leads to the conclusion that the board, in

January, 1935, did have the authority to appoint for a period of more than one year. The statute further provides, in section 36, that 'the appointees, agents and officers of the said boards, except those merely temporary, shall hold their offices during the term for which they were severally appointed, and shall not be removed therefrom except for cause and after an opportunity has been given them for a hearing.' This makes quite plain that one who has been lawfully appointed shall be permitted to serve for the designated term unless removed in accordance with the statute."

See, also, *McGrath* v. *Bayonne,* 85 *N. J. L.* 188, where Mr. Chief Justice Gummere said: "At the time, therefore, of the passing of the original resolution, the board of councilmen, both in the creating of the position and in the fixing of its term, of its salary, and of its duties, was exercising powers conferred upon it by the legislature. Is, then, a resolution, passed under such authority, a law within the meaning of the provision of section 1 of the act of 1912? We think it is. The statute deals both with state and municipal offices and positions; not only with offices and positions created by statutes, but with those created by municipal ordinances or resolutions; and these latter enactments, when authorized by the legislature, are just as much laws within the boundaries of the municipality by which they were passed as are the former within the boundaries of the state itself. *Bradshaw* v. *Camden,* 39 *N. J. L.* 416 (Supreme Court, Depue, Van Syckel and Scudder, JJ.); *Bohan* v. *Weehawken,* 65 *Id.* 490 (Supreme Ct., Dixon, Garrison and Collins, JJ.). It follows, therefore, that an office or position which is created by municipal ordinances or resolution adopted pursuant to power conferred by the legislature upon the governing body for that purpose, is just as much created by law, and its term, when fixed by such ordinance or resolution, is just as much fixed by law as if the legislature itself had acted in the premises."

The record disclosing that the ordinance of 1938 was properly and lawfully adopted pursuant to legislative power, the repealing ordinance was therefore invalid, in so far as it affects the prosecutor's term, and will be set aside, with costs.