Greene v. Freeholders of Hudson.

STATE, HENRY A. GREENE, PROSECUTOR, v. BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY, AND FREDERICK P. BUDDEN, DIRECTOR AT LARGE OF SAID BOARD.

The tenth section of the act of 1875, (*Pamph. L., p.* 324), provides that the board of chosen freeholders of the county of Hudson shall have power to appoint such officers, agents and employés as may be required to do the business of said county, and fix their compensation and term of service. The board, at the beginning of the official year beginning in May, 1881, appointed sixty-eight persons for one year at a certain compensation. In April following each person resigned, his resignation was accepted and the board proceeded to re-appoint the same persons to the positions which each had filled, respectively, for the term of one year from the time of his appointment, in some instances at an increased compensation. *Held*—

1. That the last appointments were valid, but were subject to the power of the present board to annul said action and re-appoint whenever it chooses to do so.

2. That the increase of salary was illegal, because of the last clause in section 10 of the act of 1875.

This writ brings up certain proceedings of the board of chosen freeholders of the county of Hudson, by which the said board accepted the resignation of certain officers and employés of the county, and afterward re-appointed the same persons to the same positions, respectively, for the term of one year, at a certain compensation.

Argued at June Term, 1882, before Justices DEPUE, VAN SYCKEL and REED.

For the prosecutor, *G. Collins* and *C. S. See.*

For the defendants, *A. L. McDermott* and *L. Abbett.*

The opinion of the court was delivered by

REED, J. The constitution of the board of chosen freeholders of the county of Hudson is found in *Pamph. L.* 1875,

*p.* 324, in an act to re-organize the board of chosen freehold-ers of that county, in the supplements to this act, and in the general act to incorporate the chosen freeholders in the re-spective counties of this state. *Rev., p.* 127. The provisions of the general act, while still controlling in all matters not mentioned by the act of 1875 or its supplements, is radically changed in those matters with which the special statute deals.

It changes the constituencies of the members from town-ships to legislative districts, and provides for an independent election of a director who has conferred upon him by the act a power to check the proceedings of the board by a veto, which can only be overridden by a two-thirds vote.

The terms of the members (of which there are two from each legislative district), are for one year, commencing on the first Tuesday after the first Monday in May.

The director at large is elected at the fall election for mem-bers of the assembly, for the term of two years, and holds his office from the third Tuesday in November.

Among the powers conferred upon this board by the act of 1875, is the following, found in section 10: "That the said board provided for by this act, and its successors, shall have power to appoint such officers, agents and employés as may be required to do the business of the county, and fix their compensation and term of service."

It further provides that the appointment shall be approved by the director, in writing. At the beginning of the year commencing in May, 1881, the board, with the approval of the director, made, by virtue of this provision, appointments of officers and employés to the number of sixty-eight, fixing their term of service for one year and their compensation for their term.

On April 20th, 1882, previous to the incoming of the new board in May following, each of these officers and employés having sent in their resignations, the board proceeded to accept each of them by resolution, which also declared the offices vacant. The director approved these resolutions, in writing, at once. At the same meeting the said board pro-

ceeded to appoint to each office or employment, the person who had recently resigned his or her position therein.

Since the organization of the new and present board, a contest has arisen as to the right of these appointees to now fill their several positions.

No other persons have been, by the present board, appointed to the positions. The question is, whether the board of 1881 had the power to appoint in April, 1882, and fix the terms and salaries as it did. I think that the action of the board in accepting the resignation of these appointees was legal, is too clear for discussion. Treating the appointees as officers, the resignation, when accepted by the appointing power, became operative as a termination of the official existence of the appointee. *State, Reeves, pros.,* v. *Ferguson,* 2 *Vroom* 107; *Dillon on Mun. Corp.,* (3d ed.), § 224.

Treating any of them as contracts, the resignation and acceptance amounted to a rescission. Upon the acceptance of the resignation the places became vacant, and it was within the power of the board to fill them. I do not see how this can be controverted, nor do I understand that it is the subject of contention. The point involved in the discussion was, whether the term of these appointees, by reason of this fixing of the term for one year, continues until April 20th, 1883, or the terms expired with the life of the appointing board. I think that neither side of this proposition can be asserted as true without qualification. That the board had the power to affix a term of service to the appointment, is clear; that the term could, subsequently, be modified or destroyed, is, I think, also clear.

In looking at the clause conferring this power upon the board, it will be observed that the whole control over the matter of appointments is given to the board. The kind of offices, the number of offices, the term of officers and the compensation to be paid to such officers, is left entirely to the will of the board.

No time is fixed by the legislature at which any office shall be erected or filled, or any employé appointed.

So far as the terms of the act operate in this respect, the board can, at any time of its existence, whenever it may think it essential to do so, create a new office or designate a new employment and fill the position, or at any time may fill a position vacated, either for the unexpired term or affix to the appointment a new period of duration.

Within this power the board acted when, in April last, they made these appointments. The resolutions making them and fixing their terms were within the law, and therefore, as to this part of the case directly before us, which is the validity of these resolutions, so far as they appoint and fix a term, is decisive against the prosecutor. But it does not follow that because of the validity of the resolutions in this regard the title to these offices are assured to the occupants for a year.

The power that created them can destroy them. The tenure of any officer is held at the will of the board. He can be stripped of his salary, deposed from office, or be left unsheltered by reason of the abolition of the office itself at any moment the board chooses to exercise its power. *City of Hoboken* v. *Gear*, 3 *Dutcher* 265 ; *Butcher* v. *City of Camden*, 2 *Stew.* 478 ; *Love* v. *Jersey City*, 11 *Vroom* 456 ; *Dillon on Mun. Corp.*, § 170.

The resolution itself, however, so far as it fixes the term, must stand.

There is another feature which appears in some of the resolutions appointing the persons, which, I think, cannot be recognized as valid. I allude to those appointments where the salary named in the resolution was in excess of the salary under the former appointment.

The concluding clause of section 10 of the act of 1875, provides that the salary or compensation of any appointee shall not be increased during the term of said appointment or during said employment.

The obvious design of this statute was to prevent the board from making gratuitous payments to persons who had accepted an office for a fixed term at a fixed salary.

The resolutions increasing the pay of these persons who had

accepted their place for a year at the old compensation, is doing by indirection what the statute is intended to restrain. So, also, the change in the time of payment is liable to the same objection, namely, that it is indirectly increasing compensation. The resolutions, so far as they increase the compensation or provide for monthly payments, are vacated, otherwise they must stand.