THE STATE, FRANK HARDY, PROSECUTOR, PLAINTIFF IN ERROR, v. THE CITY OF ORANGE, DEFENDANT IN ERROR.

1. The act of March 31st, 1897, entitled "An act respecting the employment of honorably-discharged Union soldiers, sailors and marines in the public service of the State of New Jersey, relative to removals," is unconstitutional, so far as it attempts to regulate public offices or positions in the several cities, counties, towns or villages of the state.
2. The appointment for a specified time to a position in the municipal service, the term of which is not fixed by law, and the acceptance of such appointment, constitute a contract between the municipality and its appointee, the terms of which are binding upon both of the parties to it.
3. The statutes of this state commonly known, as the "Veteran acts" were passed solely for the benefit of the class of persons named therein, and their provisions may be waived by the beneficiaries thereof.

[*Argued March 3d,* 1898 ; *decided June 28th,* 1898.]

On error to the Supreme Court.

For the plaintiff in error, *Joseph A. Beecher.*

For the defendant in error, *Edward M. Colie* and *Thomas A. Davis.*

The opinion of the court was delivered by

GUMMERE, J.   This writ of error brings up the judgment of the Supreme Court dismissing a writ of *certiorari* allowed on behalf of Frank Hardy, to review the following resolution of the common council of the city of Orange, passed July 12th, 1897 :

"*Resolved,* By the common council of the city of Orange, that George W. Gray be and he is hereby appointed keeper of the reservoir for three years, from August 1st, 1897, to succeed Frank Hardy, whose term expired June 1st, 1897."

Hardy, the prosecutor, who is an honorably-discharged Union soldier, was appointed keeper of the reservoir of the city of Orange, on June 1st, 1896, for the period of one year from that date, at an annual salary of $540, and the *certiorari* was allowed him for the purpose of testing the validity of his claim to hold his position during good behavior, notwithstanding the fact that his appointment was only for the period of a year, which had expired prior to the passage of the resolution which he seeks to have declared void.

His claim is based upon what are commonly designated the "Veteran acts" of 1895 and 1897.

The act of 1897 (*Pamph. L., p.* 142) is entitled "An act respecting the employment of honorably-discharged Union soldiers, sailors and marines in the public service of the State of New Jersey, relative to removals." The body of the act declares that no person holding a position by appointment or employment in the State of New Jersey or of the several cities, counties, towns or villages thereof, who is an honorably-discharged Union soldier, sailor or marine, shall be removed from such position or employment except for incompetency. That the object of this act, so far as it relates to the holding of positions by appointment or employment in the various cities, counties, towns or villages of the state, is not expressed in its title, is manifest. So far, therefore, as the act legislates with regard to those positions, it clearly contravenes article 4, section 7, paragraph 4 of our state constitution, which requires that "every law shall embrace but one object, and that shall be expressed in the title." The act of 1897 affords no support for the prosecutor's claim.

The Veteran act of 1895 (*Pamph. L , p.* 317), however, contains no provisions which are antagonistic to our constitution. *Francis* v. *City of Newark* (*Court of Errors and Appeals, March Term,* 1897). That act declares that any

honorably-discharged Union soldier or sailor who holds a position or office under the government of this state, or of any city or county therein, whose term of office is not fixed by law, shall not be removed from such position or office except for good cause shown and after a fair hearing, but shall continue to hold such position or office during good behavior. The argument in support of the contention of the prosecutor is that, by virtue of the provisions of this act, every office or position under the government of this state, or of any city or county thereof, when occupied by persons of the character described in the statute, is held either for a term fixed by act of the legislature or else during the good behavior of the incumbent, and that where the term of office is not fixed by the legislature the appointing power cannot set bounds to the duration of the incumbency by making appointments for a specific term.

It will be perceived that, in this argument, the phrase " not fixed by law " is assumed to be equivalent to not fixed by an act of the legislature. But the statute deals not only with offices and positions created by the legislature of the state, but also with those created by the legislative bodies of counties and cities; and there is much force in the insistment of counsel for the defendant in error that a municipal ordinance or resolution is just as much a " law " within the boundaries of the municipality as is an act of the legislature within the boundaries of the state, and that a county or city office or position created by, and whose term is fixed by, municipal ordinance or resolution is just as much an office or position whose term is fixed by law as is a state office or position which is created by, and whose term is fixed by, the legislature.

But it is not necessary for the disposition of this case to determine the scope to be given to the phrase " not fixed by law." The act of 1895, although it ordains that a veteran Union soldier or sailor when appointed to a municipal position the term of which is not fixed by law shall hold it during good behavior, does not preclude the appointing power from·

limiting the duration of the incumbency by making the appointment for a fixed period. The appointment for a specified time to a position in the municipal service whose term is not fixed by law, and the acceptance of such appointment, constitute a contract between the municipality and its appointee, the terms of which are binding upon both of the parties to it. *Chase* v. *City of Lowell,* 7 *Gray* 33 ; *Horan* v. *Orange,* 29 *Vroom* 533. And there is nothing in the act of 1895 which prevents a veteran Union soldier or sailor from making such a contract and being bound by its terms. That statute was passed solely for the benefit of the class of persons named in it, and it is entirely settled that a statute which confers merely a personal privilege or benefit may be waived by the beneficiary. *Quick* v. *Corlies,* 10 *Vroom* 11 ; *Fraley* v. *Feather,* 17 *Id.* 429.

The acceptance by Hardy, the prosecutor, of an appointment to the position of keeper of the Orange reservoir for a period of one year from June 1st, 1896 (assuming that it was a position whose term was not fixed by law), was a waiver of the benefits and privileges conferred upon him as a veteran Union soldier by the act of 1895, and at the expiration of the term fixed by his contract with the city that position became vacant. The resolution of the common council of Orange, of July 12th, 1897, filling that vacancy, was consequently unobjectionable.

The judgment of the Supreme Court should be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, DEPUE, GARRISON, GUMMERE, VAN SYCKEL, NIXON, VREDENBURGH. 7.

*For reversal*—COLLINS, DIXON, LUDLOW, ADAMS, BOGERT, HENDRICKSON. 6.