JOHN C. BLORE, PLAINTIFF BELOW, DEFENDANT IN
ERROR, v. THE BOARD OF CHOSEN FREEHOLDERS
OF UNION COUNTY, DEFENDANT BELOW, PLAINT-
IFF IN ERROR.

Argued November 24 and 27, 1899—Decided March 5, 1900.

One who by force retains possession of a public office after the expiration
of his term, and against the lawful demand of his legally-appointed
successor, cannot recover the salary or emoluments attached to the
office accruing after such demand.

On error to the Supreme Court.

The judgment under review in this case was rendered in
an action by John C. Blore against the board of chosen free-
holders of Union county for salary as warden of the Union
county jail from February 1st to June 28th, 1898. A verdict
was directed for the plaintiff for the sum of $491.84 by Mr.
Justice Van Syckel at the January Term, 1899, of the Union
Circuit.

For the plaintiff in error, *William R. Codington* and *Craig
A. Marsh.*

For the defendant in error, *Sherrerd Depue.*

The opinion of the court was delivered by

DIXON, J.   In January, 1893, the board of chosen free-
holders of Union county appointed the plaintiff as warden
of the Union county jail for the term of five years commenc-
ing February 1st, 1893.   The appointment was made under
the act of March 23d, 1887 (*Gen. Stat., p.* 1831), which de-
clares that the warden shall hold office for the term of five
years and until his successor shall be appointed and qualified.
The plaintiff accordingly assumed the office on February 1st,
1893.   On February 3d, 1898, the board appointed Charles

Dodd as warden of the jail for the term of five years from February 15th, 1898, and, on the day last named, Dodd, having duly qualified, went to the jail and demanded from the plaintiff possession of the office, but the plaintiff refused to surrender it, keeping the door of the jail locked to prevent Dodd's entrance. The ground of plaintiff's refusal was that, he being an honorably-discharged Union soldier, his legal tenure continued, by force of the Veteran act of March 31st, 1897 (*Pamph. L., p.* 142), until he was removed for incompetency or misconduct. On this contention he retained possession of the office until June 21st, 1898, when he was ousted by a judgment in *quo warranto* proceedings instituted by Dodd.

The present suit was brought to recover the salary of the office for the period between February 15th, 1898, and June 21st, 1898, and at the trial in the Union Circuit a verdict therefor was directed. The legality of that direction is the subject now to be considered.

The general rule of the common law as administered in England was, that a person entitled *de jure* to an office, and not the merely *de facto* incumbent of the office, had a legal right to the official emoluments. *Kreitz* v. *Behrensmeyer,* 36 *N. E. Rep.* (*Ill.*) 983. An exception to this rule was established in New Jersey by the decision of this court in *Stuhr* v. *Curran,* 15 *Vroom* 181, where it was held that a person who had a *prima facie* legal title to an office, which cast upon him a public duty to assume the office and discharge its functions, until by further legal proceedings his apparent title had been overthrown, and who in pursuance of that duty discharged the functions of the office, thereby acquired an indefeasible right to the salary and fees accruing while he was in possession of the office. In *Erwin* v. *Jersey City,* 31 *Vroom* 141, this court laid down what may perhaps be deemed a further modification of the English rule, to this effect, that when the incumbent of an office, lawfully holding over after the expiration of his stated term until his successor is appointed, surrenders the office to one who with color of title

claims to have been legally appointed the successor, and the latter thereupon enters and discharges the functions of the office, he acquires, as against the public and the prior incumbent, an indefeasible right to the salary and fees accruing during his possession.

Neither of these decisions affords any support to the present plaintiff.

It is conceded by his counsel that, on the facts stated in the beginning of this opinion, all of which were known to the plaintiff, and on the correct interpretation of the Veteran act mentioned (*Hardy* v. *Orange,* 32 *Vroom* 620), he had no title to the office after February 15th, 1898. There was no trace of a public duty resting upon him to retain the office. His motive for doing so was purely private—for his personal benefit. So far from acquiescing in his tenure, the *de jure* officer was demanding possession of the office and the plaintiff was by force resisting his demand. The case comes more nearly within the doctrine announced by the Supreme Court in *Meehan* v. *Freeholders of Hudson,* 17 *Vroom* 276, cited approvingly by this court in *Erwin* v. *Jersey City,* 31 *Id.* 149, that one who intrudes into a public office by force or fraud and without legal title cannot recover from the public the salary attached to the office. The only distinction between that case and this is the distinction between a forcible and illegal intrusion and a forcible and illegal retention. Such a distinction ought not to lead to any difference in the result.

Our conclusion is that the plaintiff had no right to the salary accruing after February 15th, 1898, and therefore there was error in the direction given by the learned judge at the trial.

Let the judgment be reversed.

*For affirmance*—None.

*For reversal*—The Chief Justice, Depue, Dixon, Garrison, Lippincott, Gummere, Ludlow, Collins, Bogert, Nixon, Hendrickson, Adams, Vredenburgh. 13.