JOHN O'ROURKE AND WILLIAM REILLY, PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL.

Argued February 20, 1901—Decided February 25, 1901.

1. An officer appointed by the common council of the city of Newark, under the power conferred by section 21 of the city charter, is appointed for a term determinable upon the council declaring his office vacant, or upon the appointment of his successor and his entry upon the duties of the office.

2. Such a person so appointed holds his office for a term fixed by law, and is not within the case of *Hardy* v. *Orange*, 32 *Vroom* 620.

3. The common council has no power to fix a term in a resolution differing from that fixed by the city charter, and if it attempts to do so and the official so appointed files an acceptance of such appointment it does not create a contract.

4. Such a resolution is of no force against the express provision of the city charter.

5. Further grounds for the result here reached are discussed in Peal *v.* Newark, decided at this present term.

---

On *certiorari*. On application to set aside certain action of the common council of the city of Newark declaring the prosecutors' offices vacant.

Before Justices VAN SYCKEL and FORT.

For the prosecutors, *Joseph A. Beecher.*

For the defendants, *McCarter & Adams.*

The opinion of the court was delivered by

FORT, J. The questions in this case are largely controlled by the decision in Peal *v.* Newark, decided at the present term, the cases being argued together at the hearing.

The prosecutors were each appointed by the common council of the city of Newark on April 13th, 1900, by a resolution identical in language, except as to the name, reading as follows:

"*Resolved,* That John O'Rourke be and he is hereby *appointed assistant to the superintendent of buildings of the city of Newark,* for the period of two years from and after the first day of May, 1900, at the annual salary of ten hundred dollars per year, payable monthly."

The position provided for, and to which the prosecutors were appointed by the resolution, was not created by ordinance or in any other way than by the resolution of appointment itself.

There was an office of "assistant superintendent of buildings" provided for by the ordinance of June 29th, 1896, but, upon April 13th, 1900, at the same meeting at which the prosecutors were appointed by the above resolution, the common council, as appears by the evidence, appointed George Thompson to that office.

The resolution appoints each of the prosecutors as "an assistant to the superintendent of buildings for the period of two years from and after the first day of May, 1900."

Under the decision of the Court of Errors, in *Hardy* v. *Orange,* 32 *Vroom* 620, it is the contention that if the term of a person appointed to a position in a city is not fixed by law, the fixing of a term in the resolution making the appointment is good. Whether such a construction is to be given to that decision it will not be necessary for us to determine in this case, as we think the term of the prosecutor here was fixed by law.

The power in the common council to appoint the prosecutors is founded upon the twenty-first section of the city charter, these appointments being made under the power conferred by that section wherein the common council is authorized to appoint subordinate officers "for the better ordering and governing of the said city and the carrying into effect the powers and duties conferred and imposed upon the common council by the city charter."

By this section, under which these appointments only can be made, it is expressly provided for what term an appointee under it may hold, viz., "shall continue in office until the office for which he shall be appointed shall be declared vacant or until another person shall be appointed to succeed him and shall enter upon the duties of his office." *Pamph. L.* 1857, *p.* 128, § 21.

This fixed, by law, the term of the prosecutors until their office should be declared vacant or a successor be appointed and enter upon his duties.

The record before us shows the termination of the office of the prosecutors, by both of the acts which, under the express provisions of the city charter, would end it. The fact that the common council attempted to fix a term for the positions to which the prosecutors were appointed different from that which the city charter fixes, is of no consequence. Such a resolution is of no force as against the express provisions of the city charter.

The writ is dismissed.