The complaint in this cause contains allegations that the plaintiff is a resident of the Borough of Keansburg and has been such during the periods mentioned in the complaint, and that he is an exempt fireman and holds a certificate in accordance with the laws of the State. The plaintiff was first appointed Municipal Manager of the Borough on the third day of May, 1927, without the tenure of office being mentioned. His second appointment to the same office was in May, 1929. The resolution of his appointment at that time contained the statement, "to hold office during the pleasure of the Municipal Council." His third appointment occurred in May, 1933. The resolution limited the term to December 31, 1933. He was again appointed in May, 1937, "to serve at the pleasure of the Municipal Council." In May, 1941, he was appointed and again in May, 1945. The tenure of both these appointments were "at the pleasure" of the Municipal Council. In all the appointments made the plaintiff, as each was made, took the oath of office and accepted the appointments on the conditions and for the terms therein mentioned. On May 24, 1949, Ralph O. Williams was appointed by the Borough as Acting Municipal Manager of the Borough of Keansburg, to serve "at the pleasure of the Municipal Council." At the same time the Municipal Clerk informed the plaintiff of the appointment made and directed that the plaintiff turn in to the office of the Clerk of the Borough all the records, books and property belonging to the municipality.
The appointment of Ralph O. Williams as Acting Municipal Manager was made shortly after an election of members of the Municipal Council. The resolution was passed by the Mayor and Council just previous to the time Williams was appointed as Acting Municipal Manager. Williams' appointment was made "pending the selection of a permanent Municipal Manager."
In answer to the notice mailed to the plaintiff by the Borough on May 26, 1949, informing the plaintiff of the appointment of the Acting Municipal Manager, the plaintiff through his attorneys on the following day, by letter notified *Page 487 
the Mayor and Council of the Borough that the plaintiff insisted that he had a right to hold the office and that he was ready and willing to continue in the performance of his duties as Borough Manager. The plaintiff claims there were no charges made against him, nor any hearing in connection therewith, preceding the appointment of the Acting Municipal Manager.
The plaintiff in his complaint demands judgment that the resolution appointing Williams be declared "illegal, invalid and of no effect," and that the Borough be ordered and directed to reinstate the plaintiff and permit him to perform his duties and receive compensation therefor; that the Borough be ordered and directed to pay the plaintiff his salary from the date of his "attempted removal to the date of his return to duties; that the defendant Williams be ordered and directed to vacate "the alleged office of Acting Municipal Manager and to turn over to the plaintiff all books, records and documents pertaining to the office of Municipal Manager."
The defendants in their answer allege that the plaintiff is not a resident of the Borough, and at the time of the appointment of Williams and for a considerable period prior thereto the plaintiff was not qualified to hold office as Municipal Manager; that the plaintiff voluntarily vacated the office of Municipal Manager prior to the appointment of Williams; that the plaintiff is estopped to deny that his term of office extended beyond the appointment of Williams; that the plaintiff was appointed Manager for a fixed term which expired prior to the time of the appointment of Williams; that the plaintiff failed to properly perform the duties of the office of Municipal Manager, thereby disqualifying himself for continuing to hold said office, and that the disqualification was voluntary on the part of the plaintiff.
Since the filing of the answer the plaintiff has moved for summary judgment in his favor and the defendants have moved for summary judgment in their favor. Affidavits were filed by the parties. Those of the defendants purporting to prove that the plaintiff was not a resident of the Borough of Keansburg, and affidavits of the plaintiff to the contrary. A *Page 488 
stipulation of facts was subsequently entered into by the parties wherein it was agreed that the appointments of the plaintiff and Williams to office were as above stated and were made on the dates and in the manner and according to the tenures above mentioned. It was also agreed that the plaintiff is the holder of an exempt fireman's certificate issued to him in accordance with the laws of New Jersey; that no charges were served upon the plaintiff, and no hearing held in connection with any charges prior to the appointment of Williams and that it is the contention of the defendants that his term of office had expired, and that the Acting Municipal Manager appointment was made in place thereof. The stipulation alleges that the parties are in disagreement as to the plaintiff being a resident of the Borough at the time alleged in the complaint; the defendants contending that some time during the years 1941 or 1942 the plaintiff became a non-resident and has continued to be such up until the time of the filing of the stipulation. The plaintiff contends that the question of residence is irrelevant and that any charge of non-residence is subject to charges being made and proof being offered at a hearing before the Council prior to the removal from office.
In a brief submitted, the plaintiff alleges he has tenure to the office by virtue of the provisions of R.S. 40:82-3, and also by virtue of the tenure provision of the statute relating to exempt firemen, R.S. 40:47-60. Plaintiff further contends that his removal by a resolution of May 24, 1949, originated from political issues of an election that took place on May 10, 1949.
The Municipal Manager Act, enacted in 1948, R.S. 40:82-3, provides as follows:
"The Municipal Manager shall hold office as long as he shall perform the duties of his office to the satisfaction of the Municipal Council. During the first three consecutive calendar years of his employment he may be removed for or without cause, and after said three-year period of employment he may be removed only for cause, after hearing, by a resolution signed by one more than a majority of all the Municipal Council setting forth the reasons for such removal." *Page 489 
The Exempt Firemen's Act relied upon by the plaintiff, enacted in 1911 and referred to as R.S. 40:47-60, provides as follows:
"No person now holding a position or office under the government of this state, or the government of any county or municipality thereof, or who may hereafter be appointed to any such position, whose term of office is not now fixed by law, and receiving a salary from the state, county or municipality, who is an exempt fireman of any volunteer fire department, volunteer fire engine, hook and ladder, hose or supply company or salvage corps of any municipality or fire district of this state, holding an exemption certificate issued to him as an exempt member of any such volunteer fire department company or corps, shall be removed from his position or office except for good cause shown after a fair and impartial hearing, but such exempt fireman shall hold his position or office during good behavior and shall not be removed for political reasons."
It is further contended by the plaintiff that the Council's power to appoint "an Acting Municipal Manager" is expressly limited by the statute R.S. 40:82-6, which provides as follows:
"During the absence or disability of the Municipal Manager a properly qualified person shall be appointed by the Municipal Council to exercise the powers and perform the duties of the office."
Plaintiff contends that he was not absent or disabled but actually engaged in the performance of his duties when the resolution was adopted appointing Williams as Acting Municipal Manager, and that the Mayor and Council had no legal right to make the appointment of Williams.
It is the defendants contention that the plaintiff did not acquire tenure of office under R.S. 40:82-3; that by virtue of his acceptance of the appointment made by resolution dated May 25, 1937, which was the first resolution so appointing the plaintiff after the 1936 amendment, and it was this amendment which first purported to afford tenure protection to individuals serving as Municipal Manager; that the resolution of May, 1937, provided plaintiff "serve at the pleasure of the Municipal Council" was therefore a conditional appointment upon terms which negated any acquisition of tenure thereunder. *Page 490 
The defendant further contends that the resolution of the first appointment of the plaintiff to office was controlled by the Municipal Manager Act, P.L. 1927, c. 264, which provided:
"803. The Municipal Manager shall hold office as long as he shall perform the duties of his office to the satisfaction of the Municipal Council. He may be removed at any time by a resolution signed by a majority of the Municipal Council setting forth the reasons for such removal."
The defendants further contend that the last mentioned statute was amended by P.L. 1936, c. 159, which provides as follows:
"803. The Municipal Manager shall hold office as long as he shall perform the duties of his office to the satisfaction of the Municipal Council. He may be removed at any time for cause, after hearing, by a resolution signed by one more than a majority of all the members of the Municipal Council, setting forth the reasons for such removal."
The defendants further contend that this act was amended in 1948. See R.S. 40:82-3.
It is the defendants' contention that all the resolutions appointing plaintiff to office, after the tenure provisions had been included in the statute, contained terms and conditions negating tenure so that the plaintiff did not at any time acquire tenure in the office of Municipal Manager under and by virtue of the provisions of the Municipal Manager Act, and the plaintiff accepted his appointments on the conditions and tenures included therein and by such acceptance he has waived any tenure.
Considering at this point the plaintiff's claim that he is entitled to the tenure of office claimed by him under the Exempt Firemen's Act: In the case of Hardy v. Orange, 61 N.J.L. 620, a claim was made by the plaintiff that he was entitled to continue in office under the Veteran's Act. In that case the appointee was appointed for a term of three years. He was an honorably discharged Union soldier. Notwithstanding his appointment, which was definite in terms, he sought to have declared void a resolution of the Common *Page 491 
Council of Orange, wherein he was appointed for a term of three years. His claim was based upon the Veteran's Acts of 1895 and 1897. The 1897 act declared "that no person holding a position by appointment or employment in the state of New Jersey, or of the several cities, counties, towns, or villages thereof, who was an honorably discharged Union soldier, * * * shall be removed from such position or employment except for incompetency." The 1895 act provided that any Union soldier or sailor who holds a position or office under the government of this State, or of any city or county thereof, whose term of office is not fixed by law, shall not be removed from such position or office except for good cause shown and after a fair hearing, but shall continue to hold such position or office during good behavior.
It was argued in that case that by virtue of the provisions of the act, every office or position under the government of this state, or any city or county thereof, when occupied by a person of the character described in the statute, is held either for a fixed term by the legislature, or else during the good behavior of the incumbent, and that where the term of office is not fixed by the legislature that the appointing power cannot set bounds to the duration of the incumbency by making appointments for a specific term. The court said "it will be perceived that, in this argument the phrase, `not fixed by law' is assumed to be equivalent to not fixed by an act of the legislature. But the statute deals not only with offices and positions created by the legislature of the state, but also with those created by the legislative bodies of counties and cities; and there is much force in the insistment of counsel for the defendant in error that a municipal ordinance or resolution is just as much a `law,' within the boundaries of the municipality as is an act of the legislature within the boundaries of the state, and that a county or city office or position created by, and whose term is fixed by, municipal ordinance or resolution, is just as much an office or position whose term is fixed by law, as is a state office or position which is created by, and whose term is fixed by, the legislature. But it is not necessary for the disposition of this case to determine the scope *Page 492 
to be given to the phrase `not fixed by law.' The act of 1895, although it ordains that a veteran Union soldier or sailor when appointed to a municipal position, the term of which is not fixed by law, shall hold it during good behavior, does not preclude the appointing power from limiting the duration of the incumbency by making the appointment for a fixed period. The appointment for a specified time for a position in the municipal service whose term is not fixed by law, and the acceptance of such appointment, constitute a contract between the municipality and its appointee, the terms of which are binding upon both of the parties to it." It was held that Hardy, the plaintiff in the case, by accepting the appointment with a definite term (assuming that it was not a position whose term was not fixed by law); was a waiver of the benefits and privileges conferred upon him as a veteran, and at the expiration of the term fixed by his contract with the city that position became vacant.
In Ackley v. Norcross, 122 N.J.L. 569, which was a Supreme Court issue, on an application in the nature of a quo warranto,
the relator Ackley claimed to be entitled to the office as under-sheriff of Camden County, and contested the rights of Norcross and Ayres, who presently occupied offices as under-sheriff of said county. The stipulation of facts in that case discloses that the relator was appointed as under-sheriff in Camden County in 1926 by the then sheriff and was appointed by the three succeeding sheriffs to the same office. In November, 1930, the sheriff-elect Luker, advised Ackley in writing that he would not require his services in the office, and the following March appointed Norcross and Ayres. The relator was an honorably-discharged veteran and exempt fireman under the laws of the state. Each of the said four appointments of Ackley by the various sheriffs was in writing and in identical form except as to dates and signatures. The terms of appointment were stated in part as follows: "During my pleasure and until the expiration of my office, unless I shall before revoke this appointment."
The court stated in its opinion that the statute protects veterans from removal from office where their terms of office *Page 493 
are not fixed by law; R.S. 38:16-1, 2. And the same is true as to exempt firemen in R.S. 40:47-60 until June 16, 1938, when the 1938 law became effective, which statute did not contain the limits to those whose term was fixed by law, but excepted only those offices and positions created by the constitution. The relator contended that he had a tenure under both of these statutes
In the Ackley case the court said: "R.S. 40:41-28 authorizes a sheriff to remove an under-sheriff at pleasure.R.S. 40:41-30 says that a sheriff may appoint under-sheriffs and that they shall not be classified under the civil service. It seems to us that the legislative intention was to give the sheriff free rein to control the terms of office of his under-sheriffs, to appoint and remove at his pleasure." The court further stated that the words, "`or his successor' relied on by relator to show an indefinite term, do not in our view so indicate."
The court further held that there was another ground which was dispositive of the relator's claim. That was, "he accepted office under the written appointments during the pleasure of the sheriffs appointing him and `until the expiration of my office unless I shall before revoke this appointment.' The sheriffs have power to appoint for a specified term of less duration than their own, or as was done here, for their full term of office subject to revocation. * * * Relator having been appointed for a definite term and having accepted it, he is bound by that act, notwithstanding any tenure he may otherwise have." Quoting Hardyv. Orange, supra. See also Smith v. Matawan, 126 N.J.L. 585, on writ of certiorari the Supreme Court held: "The essential facts are not in dispute and appear to be that prosecutor was first appointed on January 12, 1926, and was re-appointed annually thereafter down to and including January 2, 1939. In 1940 he was not re-appointed. Prosecutor claims that he was the holder of an office, as distinguished from a position or employment, and that as an exempt fireman he is entitled to tenure of office under chapter 385, P.L. 1938; R.S.
40:47-63, which provides that an exempt fireman holding any office except one created by the constitution shall have tenure and be removable *Page 494 
only after hearing upon charges. This act has been held unconstitutional in so far as it applies to positions, Joyce v.Price, 123 N.J.L. 171, and defendant contends that prosecutor was the holder of a position and not of an office. We find it unnecessary to determine this question." The court held: "It conclusively appears from the record before us that the appointments of the prosecutor, from 1926 to 1929, were for a fixed term of one year each. In three of those years, 1934, 1936 and 1937, prosecutor took an oath of office. Clearly, he accepted an appointment for the term mentioned on each annual occasion. In this situation he may not claim any other status than the holder of an office for a fixed term and may not claim the protection of any statute to extend his term beyond the period for which he accepted it. He accepted his latest re-appointment after the adoption of the statute he relies upon."
In Hardy v. Orange, 61 N.J.L. 620, a claim of tenure under a Veterans' Tenure Act was made by the holder of a position who had accepted appointment for a fixed term to a position where the term of the position was not fixed by statute, and the Court of Errors and Appeals held that the acceptance by Hardy, the prosecutor, of an appointment to the position of keeper of the Orange reservoir for a period of one year from June 1, 1896 (assuming that it was a position whose term was not fixed by law), was a waiver of the benefits and privileges conferred upon him as a veteran Union soldier by the act of 1895, and at the expiration of the term fixed by his contract with the city that position became vacant. The writ was dismissed with costs.
It is the decision of this court that the plaintiff has no tenure of office under R.S. 40:82-3 or R.S. 40:47-60, and that he is controlled in the tenure of his appointments as mentioned in the resolutions adopted by the defendant municipality. By the plaintiff's acceptance of those appointments, on the conditions and terms stated in the resolutions he has waived whatever claim of tenure he might have under the two statutes last mentioned. *Page 495 
It is not necessary to decide the questions of "politics" or "residence," and in any event there is not sufficient proof before the court to make a determination on those items. The motion by the plaintiff for summary judgment is denied. The defendant's motion for summary judgment is granted.