731 A.2d 519 (1999)
322 N.J. Super. 487
Vilmo DiPAOLO, Plaintiff-Respondent,
v.
PASSAIC COUNTY BOARD OF CHOSEN FREEHOLDERS, County of Passaic, Peter Eagler, Georgia Scott, Lois Cuccinello and James Gallagher, individually and as freeholders, Defendants-Appellants.
Pat Diianni, George H. Trinkle, III and Thomas Kamphausen, Plaintiffs,
v.
County of Passaic, Passaic County Freeholders and Vilmo DiPaolo, an indispensable party, Defendants.
Superior Court of New Jersey, Appellate Division.
Argued March 8, 1999.
Decided May 24, 1999.
*520 Matthew Malfa, Assistant County Counsel, for defendants-appellants (William J. Pascrell, Passaic County Counsel, attorney; Mr. Malfa, on the brief).
James V. Segreto, Haledon, for plaintiff-respondent (Segreto and Segreto, attorneys; Mr. Segreto, on the brief).
Before Judges PETRELLA, CUFF and COLLESTER.
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendants appeal from an order of the Law Division declaring valid a December 17, 1997, resolution of the Passaic County Board of Chosen Freeholders (Board) appointing plaintiff, Vilmo DiPaolo, as county adjuster; declaring invalid a subsequent resolution rescinding the appointment; declaring invalid plaintiff's termination as county adjuster; and permanently restraining the County and the Board from interfering with plaintiff occupying the position.
By resolution of the Board on December 14, 1994, plaintiff was appointed county adjuster for a two year term appointment, which expired on December 30, 1996. He remained in the position without formal appointment or extension until December 1997. During this time the Board was controlled by Republicans, but the control shifted to the Democrats after the November 1997, election.
On December 17, 1997, the outgoing Republican Board passed a resolution appointing plaintiff to a five year term. However, on February 4, 1998, the new Board controlled by the Democrats adopted a resolution rescinding the appointment. Moreover, on April 9, 1998, the new Board also adopted a reorganizing resolution to amend the county administrative code to require that the county adjuster be a lawyer, and on April 15, 1995, plaintiff was notified by the County personnel office that he was terminated from the position because he was not an attorney. Two days later the Passaic County Counsel appointed an assistant as county adjuster.
The actions of the old and new Boards spawned two separate lawsuits. On January 30, 1998, a taxpayer suit was filed to void the prior Board's appointment of Di-Paolo to a five year term. On April 17, 1998, DiPaolo filed an action to validate his five year appointment, to void his termination and to restore him to the position for the remainder of the five year term. A temporary restraining order was entered in the Law Division continuing DiPaolo as county adjuster pending final disposition.
The taxpayer suit was dismissed by consent on April 24, 1998. DiPaolo's action resulted in an order of the Law Division invalidating the April 9, 1998 reorganizing resolution as it applied to the County Adjuster; declaring DiPaolo's five year appointment valid; and enjoining his removal for the balance of the term without good cause.
We reverse on the basis that the five year appointment of DiPaolo in 1997 was an ultra vires act and that he was thereby serving in the position of county adjuster at the pleasure of the Board without any obligation on its part to recognize or continue the five year fixed term.
The appointment of county adjusters is governed by N.J.S.A. 30:4-34, which at all times pertinent reads as follows:
In each county where county counsel, county solicitor, county clerk, county physician or county probation officers, or any of their assistants is in charge and supervision of the preparation of papers relating to the commitment of the mentally ill, such person shall be known as "county adjuster" and such duties shall, except as otherwise provided in section 2 of P.L.1981, c. 403 (C. 30:4-34.1), continue to pertain to the office of such county counsel, county solicitor, county clerk, county physician or county probation officer or their successors *521 in office, but, notwithstanding the foregoing, in case any other county official or employee shall be at the time of the adoption of this act, in charge and supervision of the preparation of papers relating to the commitment of the mentally ill, the governing body of the county may designate that county official or employee as county adjuster. In all other counties the judge of the Superior Court, with the consent of the county governing body, shall designate some county official or employee as county adjuster.[1]
The governing statute sets forth no term of office for a county adjuster and does not authorize the appointing authority to set a term. Tenure protection under N.J.S.A. 30:4-34.1, is given to a person holding the office under the following circumstances:
A person who holds the position of county adjuster by virtue of holding one of the offices under R.S. 30:4-34 and who has held the position of county adjuster continuously for 5 years or more shall continue to hold the position of county adjuster, notwithstanding he is serving in one of the offices under R.S. 30:4-34 for a fixed term or at the pleasure of the governing body of the county, during good behavior and efficiency and shall not be removed therefrom except for good cause.
When an enabling statute sets a fixed term of public office or authorizes the governing body to so so, the ensuing term is valid and binding. See, e.g., Nolan v. Witkowski, 32 N.J. 426, 428, 161 A.2d 102 (1960); Newman v. Borough of Fair Lawn, 31 N.J. 279, 288-89, 157 A.2d 314 (1960); Murphy v. Board of Chosen Freeholders of the Cty. of Hudson, 92 N.J.L. 244, 244-45, 104 A. 304 (E. & A.1918).
However, where the statute is silent on a term of public employment, an appointive term may not be derived through implication or interpretation absent authorizing statutory language. See Township of Stafford v. Stafford Twp. Zoning Bd. of Adjustment, 154 N.J. 62, 63, 711 A.2d 282 (1998); New Jersey Dep't of Law & Public Safety v. Bigham, 119 N.J. 646, 651, 575 A.2d 868 (1990).
N.J.S.A. 30:4-34 plainly and clearly grants county adjusters the right to remain in office during good behavior and efficiency only after five years of continuous service. Neither the language of the legislation nor its expressed intent permits a county adjuster to have the benefit of a specified term, subject to removal only for cause, before five years of continuous service in the position. A governing body may not establish an irrevocable term of office without statutory authorization. Since DiPaolo had continuous service of only three years as of December 1997, he was not entitled to the tenure protection of N.J.S.A. 30:4-34.1 and served in the position at the pleasure of the Board.
Plaintiff contends that the 1997 resolution of the Board appointing him for a fixed five year term was an enforceable contract prohibiting his termination by the subsequent Board and relies on a line of cases beginning with Hardy v. City of Orange, 61 N.J.L. 620, 621, 42 A. 581 (E. & A. 1898). In Hardy, the plaintiff was appointed keeper of the reservoir for a one year term even though there was no statutory authority for the establishment of a term. When someone else was appointed to the position in the midst of the one year term, the plaintiff brought an action under the Veterans Act of 1895. The Court of Errors and Appeals held that *522 the appointment was for a specified term to a municipal office with a term not fixed by law and that the acceptance of the appointee constituted an enforceable contract binding upon both parties. See also, Larkey v. City of Bayonne, 123 N.J.L. 134, 137, 8 A.2d 68 (Sup.Ct.1939), aff'd o.b., 124 N.J.L. 172, 11 A.2d 58 (E. & A.1940); see also, Lohsen v. Borough of Keansburg, 6 N.J.Super. 485, 69 A.2d 604 (Law Div. 1949), rev'd, 4 N.J. 498, 73 A.2d 177 (1950).
Hardy is in conflict with another line of cases which constitute the prevailing view that an appointment to public employment is governed by statutory authority rather than simple contract between employer and employee.
In DeVita v. Housing Auth. of Paterson, 17 N.J. 350, 111 A.2d 497 (1955), the issue was whether the municipal governing body could fix a term for the position of secretary-treasurer in the absence of any statutory authority. The Supreme Court held that the plaintiff held office without stated term and was therefore terminable at the will of the commissioners absent the independent statutory protection of civil service or veterans tenure provision.
In Stone v. Township of Old Bridge, 111 N.J. 110, 112-13, 543 A.2d 431 (1988), plaintiff was terminated as executive director of the Old Bridge Water Authority when the Township dissolved the Authority and placed its functions within the Sewer Authority. Although he had been given a five year term providing for removal only for misconduct or failure to perform, the Supreme Court determined that the Township was not bound by the employment contract absent statutory authorization. "The municipality's contractual obligation to [plaintiff] could have survived as a matter of law only if mandated by the statute under which the Water Authority was dissolved." Id. at 123, 543 A.2d 431. See also, State v. Board of Chosen Freeholders of Hudson Cty., 61 N.J.L. 117, 38 A. 842 (Sup.Ct.1897); Greene v. Board of Chosen Freeholders of Hudson Cty., 44 N.J.L. 388 (Sup.Ct.1882).
In Walsh v. State, 147 N.J. 595, 689 A.2d 131, rev'd on dissent, 290 N.J.Super. 1, 13-17, 674 A.2d 988 (App.Div.1996), the Supreme Court adopted our dissenting opinion refusing to enforce an agreement to promote an assistant deputy public defender, holding that the agreement was contrary to N.J.S.A. 2A:158A-6, which provided that holders of that position serve at the pleasure of the public defender and receive the salary he or she designates. The Court commented that:
[t]he relationship between an Assistant Deputy Public Defender and the Public Defender, like the relationship between other public officials and the agencies appointing them, `is not ipso facto contractual in character,'

Espinos v. Township of Monroe, 81 N.J.Super. 283, 288, 195 A.2d 478 (App. Div.1963), but is instead controlled by the statutes pursuant to which the public official has been appointed.
[Walsh, supra, 290 N.J.Super. at 15, 674 A.2d 988.]
We hold that the public employment relationship derives from applicable statutory schemes and not from an independent contract between public employer and employee. Therefore, the 1997 resolution appointing DiPaolo to a five year term was not an enforceable contract. Moreover, since there was no statutory authorization for establishment of an irrevocable term of office and DiPaolo had not completed five years of continuous service, he was subject to removal at the pleasure of the governing body.
Reversed.
NOTES
[1] N.J.S.A. 30:4-34 was amended, L.1998 c. 92 § 1, effective September 1, 1998, to eliminate the role of the judiciary in the appointive process. Although the Passaic County Administrative Code provided for appointment of the county adjuster by the Assignment Judge with advice and consent of the Board, the record is clear that as a matter of historical fact the county adjuster was always appointed by the Board without involvement of the judiciary. Moreover, when requested by the Director of the Board on March 20, 1998, to appoint someone other than DiPaolo to the position, the Assignment Judge declined, citing the pending legislative amendment to N.J.S.A. 30:4-34.