### THE STATE v. THE NEW JERSEY JOCKEY CLUB.

1. The right to apply for a writ of *certiorari* to certify an indictment from the Oyer into the Supreme Court, is in the prosecutor of the pleas of the county, and not in the attorney general.
2. The writ may be allowed by a judge at chambers.
3. The writ was properly granted after plea of "not guilty."
4. In the case of application by a defendant for a writ of *certiorari*, there must be special cause shown for granting the writ. Where a writ has been granted on the application of the state, the reasons for allowance need not appear, they will be presumed to exist.

On *certiorari* to remove an indictment for misdemeanor.

Argued at June Term, 1890, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the state, *R. V. Lindabury.*

For the defendant, *Samuel Kalisch* and *Cortlandt Parker.*

VAN SYCKEL, J. This was an indictment for misdemeanor by the grand jury of Union county.

The defendant pleaded "not guilty," and thereupon the prosecutor of the pleas of said county applied to the justice of the Supreme Court presiding in said county for a writ of *certiorari* to remove said indictment into this court. The writ was granted and the record brought up.

The defendant, on the return of the writ, moved to quash it, because it was improvidently granted. The first reason assigned was, that it did not appear from the record that it was allowed at the instance of the attorney general.

By the third section of the act in relation to the attorney general (*Rev., p.* 56), it is provided that the criminal business of the state shall be prosecuted exclusively by the prosecutors of the pleas, except in counties where, for the time being, there may be no prosecutor, or where the prosecutor desires the aid

of the attorney general. This act relieves the attorney general, and imposes upon the county prosecutor all the duties which the attorney general previously performed in the prosecution of indictments in such county.

We are of opinion that the right to apply for the writ is the right of the prosecutor, and not of the attorney general. The practice is settled by the case of *The State* v. *Zabriskie,* 14 *Vroom* 369 ; *S. C., affirmed in Court of Errors, Id.* 640.

The second objection, that the writ must be granted by the court and cannot be allowed by a judge at chambers, is disposed of by a reference to the first section of the Certiorari act, which provides, " that writs of *certiorari* may be allowed in term or vacation by a justice or judge of the court out of which they may issue, and such justice or judge is hereby authorized at any time to make all necessary orders thereon."

The case of *The State* v. *Zabriskie, supra,* establishes the practice.

The third objection, that the writ could not be granted after issue joined, is unsupported, either by reason or authority. *People* v. *Vermilyea,* 7 *Cow.* 140 ; *State* v. *Zabriskie, supra.*

The practice has long prevailed that a defendant cannot have the writ until after he pleads to the indictment in the court below. *Sailer* ads. *State,* 1 *Harr.* 357.

We think the correct practice in all cases is to require the defendant to plead before the *allocatur* is endorsed. It might be that there would be a plea of " guilty " or " *non vult,*" which would dispense with the necessity for granting the writ.

*Fourth.* There is nothing in the language of the twenty-eighth section of the Criminal Procedure act (*Rev., p.* 272), or in the fourth section of the Certiorari act (*Rev., p.* 98), which, by expression or by implication, impairs the right of this court or of a judge thereof to allow the writ on the application of the county prosecutor.

If it were otherwise, the legislation would be without effect ; the legislature cannot deprive this court of the right to send its prerogative writ.

Finally, it is insisted that a special reason must appear for granting the writ.

In the King's Bench the practice was otherwise. In *Rex* v. *Lewis*, 4 *Burr.* 2458, Lord Mansfield said : " In case of an application on the part of the prosecutor for a *certiorari*, it goes of course ; in cases of application by the defendant, there must be a special ground laid."

In *The King* v. *Eaton*, 2 *T. R.* 89, Mr. Justice Buller says : " The language of the court has always been, that the king has a right to remove proceedings by *certiorari* of course ; but that where a defendant makes an application of this sort, he must always lay a ground for it before the court. Lord Mansfield has laid down this distinction again and again."

With the declaration of two judges of such eminence it is unnecessary to refer to other cases.

The county prosecutor represents and stands for the state, and his application is the application of the state.

It is not necessary in this case to say, and we do not say, that circumstances may not exist under which the court or a judge thereof may exercise a discretion to refuse the writ. We do not state the rule too broadly, however, in saying that every presumption will be made in support of the *allocatur*. The reasons for allowance need not appear, they will be presumed to exist.

In the cases before us we entertain no doubt whatever either of the right of a judge to grant the writ or of the propriety of his so doing.

The practice has been so firmly established that it is not open to question.