OTIS R. SEAMAN, APPELLANT, v. JAMES STROLLO ET AL., RESPONDENTS.

Argued February 8, 1929—Decided March 20, 1929.

For the appellant, *Robert H. McCarter.*

For the respondent Strollo, *Ralph E. Lum.*

The opinion of the court was delivered by

PARKER, J. We agree with the Supreme Court that this case is controlled by the decision of that court in *Sykes* v. *Heinzman,* 100 *N. J. L.* 12, which decision we approve; but on the authority of that case we are impelled to reverse the judgment now before us.

Seaman, in occupancy of the office of city engineer of Long Branch, a city which had adopted the Commission Government act of 1911 (*Pamph. L., p.* 462), sought by *certiorari* to clear away the alleged appointment by the commissioner of streets and public improvements, of the defendant Strollo to the same office, as an interference with the proper performance by Seaman of his official duties. *Murphy* v. *Freeholders,* 92 *N. J. L.* 244.

The facts are not in dispute. A new board of commissioners was elected on May 8th, 1928, and held its first and organization meeting on May 15th. At that meeting, in conformity to law, the several commissioners were assigned to departments and it was then unanimously resolved to take up as a board the appointments of the several city officers. The terms and salaries of such officers, including a city engineer, were then fixed, bonds ordered, and the board proceeded to the selection of city officers. Five such were appointed (or "elected") unanimously, and then for city engineer, Strollo and Seaman were nominated, and Seaman was chosen by a three to two vote. Further proceedings were harmonious.

At the next meeting, May 22d, the commissioner of streets and public improvements filed a communication stating that

he refused to recognize the Seaman appointment and had appointed Strollo city engineer as his right.

Conceding for present purposes, that the office of city engineer is appropriate to the department of streets and public improvements, as *e. g.*, that of comptroller is appropriate to that of revenue and finance (*Sykes* v. *Heinzman, supra;* see *Oliver* v. *Daly*, 103 *N. J. L.* 52), the question then is simply whether, in view of the appointment of Seaman by the board at the organization meeting and of his occupancy of the office on May 22d, it was then competent for the commissioner of streets and public improvements to make an individual appointment to such office. We are clear that it was not; and the decision in Sykes *v.* Heinzman is in accord with that view. In the cited case, the conflicting appointments were made in January, whereas under the law a new board takes office in May. It was pointed out in the Sykes case that the intent of the statute touching appointments by the board, confined its powers to appointments made "at the first meeting, or as soon as may be after organization;" but that after the distribution of departments by the new board, the power of appointment passed in cases of vacancy, to the several commissioners presiding over those departments. Inasmuch, therefore, as in the Sykes case, an appointment made in January, months and perhaps years after organization, was held to be exclusively within the jurisdiction of the particular commissioner, so on the other hand an appointment at the organization meeting, as in this case, was exclusively within that of the board as a body.

The judgment of the Supreme Court dismissing the writ will therefore be reversed, and the attempted appointment of Strollo will be set aside, with costs. *Hoxsey* v. *Paterson,* 40 *N. J. L.* 186; *Middleton* v. *Robbins,* 54 *Id.* 566, 575; *Gross* v. *Hague,* 99 *Id.* 457, 463.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, KALISCH, CASE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 11.