ANTHONY F. DALY, PLAINTIFF-APPELLANT, v. THE CITY OF NEW BRUNSWICK AND SALVATORE CHIBBARO, DEFENDANTS-RESPONDENTS.

Argued December 19, 1949—Decided January 9, 1950.

398

*Mr. John J. Rafferty* argued the cause for the appellant (*Messrs. Rafferty & Blacher,* attorneys).

Mr. *William D. Danberry* argued the cause for the respondents (*Mr. Paul W. Ewing,* attorney for respondent, City of New Brunswick).

The opinion of the court was delivered by

VANDERBILT, C. J.   The plaintiff appealed to the Appellate Division of the Superior Court from a judgment of the Law Division of that court dismissing his complaint, and we have certified the appeal here on our own motion.

The complaint initiated a proceeding in lieu of a prerogative writ to compel the defendant, The City of New Brunswick, to reinstate the plaintiff as a tax assessor in the place of the defendant, Salvatore Chibbaro.   The city has been governed by the commission form of government since 1915, the present board of commissioners having taken office on May 20, 1947.   At the organization meeting of the Commission, Commissioner Radics was made Director of Revenue and Finance and was given jurisdiction of the tax department, including the tax collector and tax assessors.

At a regular meeting of the city commission held on July 15, 1947, a resolution was adopted appointing plaintiff and two others tax assessors of the city "for the full term prescribed by law," commencing July 1, 1947, at a salary of $1,600 per year, Commissioner Radics voting in favor of the resolution.   On March 1, 1949, the board of commissioners adopted an ordinance creating a board of tax assessors, consisting of three members with a term of three years.   Until the adoption of this ordinance, the city had not theretofore created the offices or positions of tax assessors by ordinance or resolution.   Acting under the authority of the ordinance, on March 28, 1949, Commissioner Radics in his capacity as Director of Revenue and Finance appointed as the three tax assessors two of the incumbents and the defendant Chibbaro, and at the same time directed that the plaintiff's name be stricken from the city payroll.

The plaintiff, asserting that he had been illegally dismissed, commenced the present action to compel his reinstate-

ment. He relies on *P. L.* 1905, *c.* 45, § 1, now *R. S.* 40 :171–88 which authorizes the

> "governing body of such city, in its discretion, to appoint in and for such city three assessors at large, who, when so appointed, shall perform and discharge the same duties as are now required by law of assessors and valuers heretofore elected or appointed in such city, and they shall hold office for the term of three years from the first day of the month of January next preceding the date of their appoint-ment, and until their successors are appointed and qualify ; * * * the said assessors appointed under the provisions of this act shall each receive as compensation for the performance of their duties as such assessors an annual salary, which shall be fixed by the common council or other governing body of such city, but which shall not be less than two hundred dollars nor more than one thousand dollars, which said salary shall be in lieu of all other compensation or fees heretofore allowed to assessors and valuers in any such city for the performance of their duties, and shall not be increased or decreased during their said term of office."

It would seem clear from the terms of this statute that even though the governing body had not adopted an ordinance providing for tax assessors, appointments to these positions could validly be made under this statute, their duties being fully set forth in various other acts.

The plaintiff's first difficulty, however, is that under the commission form of government the power to appoint resides solely in the director of the department to which the particular position has been assigned, here the Director of Revenue and Finance, and a resolution of the board of com-missioners as a body does not satisfy this requirement, *Sykes v. Heinzman,* 100 *N. J. L.* 12 (*Sup. Ct.* 1924), except where the appointment is made by the governing body as a board at its organization meeting, *Seaman v. Strollo,* 105 *N. J. L.* 570 (*E. & A.* 1929). In the present case, the resolution of the governing body appointing the plaintiff to the position of tax assessor was not adopted until some weeks subsequent to the organization meeting. Nor does the fact that the Direc-tor of Revenue and Finance voted in favor of such resolution in any way furnish validity to an otherwise illegal appoint-ment. Once the governmental powers of the municipality had been distributed among the commissioners pursuant to

the statutory mandate, *R. S.* 40:72–4, 5, 6, the power of appointment resided exclusively in the Director of Revenue and Finance and was exercisable by him and him alone, *Cf. Foley v. Orange,* 91 *N. J. L.* 554 (*E. & A.* 1918). His having joined in voting in favor of the resolution neither constitutes a valid exercise by the Director of his appointing power nor does it operate as an estoppel against him or the municipality.

But even if this obstacle were not in the way of granting relief to the plaintiff, he still could not recover for the reason that his alleged appointment as an assessor was contrary to the statute and illegal in that his compensation was fixed at $1,600 per annum, in spite of the fact that the statute authorized a maximum salary of $1,000.

The judgment below is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.