EUGENE L. BOYLE, JR., PLAINTIFF-RESPONDENT, v. MARINUS DeNOOYER, DEFENDANT, AND PASSAIC VALLEY WATER COMMISSION, DEFENDANT-RESPONDANT, v. THADDEUS A. BARSH, DEFENDANT-APPELLANT.

Argued January 8, 1963—Decided February 18, 1963.

*Mr. Samuel Doan* argued the cause for defendant-appellant (*Mr. Aaron Dines* and *Mr. Robert B. Blackman,* on the brief).

*Mr. John G. Dluhy* argued the cause for plaintiff-respondent (*Mr. Mervyn R. Montgomery,* on the brief).

The opinion of the court was delivered

PER CURIAM. This was a proceeding in lieu of prerogative writs, arising out of the appointment of Thaddeus Barsh by the Board of Commissioners of the City of Passaic, as a commissioner of the Passaic Valley Water Commission, and by the appointment of Eugene L. Boyle, Jr. to the same post by Commissioner David B. Kaplan, the Director of Public Affairs of the City of Passaic.

The appeal is taken by Thaddeus Barsh from a judgment holding that the appointment of Boyle is valid, and that of Barsh is ineffective. We certified the case on our own motion prior to argument in the Appellate Division. *R. R.* 1:10–1(a).

The City of Passaic is a second class city, operating under the provisions of the Walsh Act, *N. J. S. A.* 40:72–1 *et seq.*, which it adopted in 1911.

On March 22, 1927, pursuant to *R. S.* 40:62–108 *et seq.*, the Board of Commissioners of Passaic passed an ordinance authorizing the municipality to join with the Cities of Clifton and Paterson in applying to a Justice of the former Supreme Court for the appointment of commissioners to acquire the water works owned by the Passaic Consolidated Water Company.

On July 2, 1927 the Commission was appointed by Justice Black; and on October 24, 1930 the Commission (which had adopted the name of Passaic Valley Water Commission) entered into possession of the water works.

On February 3, 1931, pursuant to *R. S.* 40:62–129, which provides in part,

"At any time after waterworks shall have been acquired in pursuance of sections 40:62–108 to 40:62–150 of this title, the governing bodies of the municipalities owning the same may enter into an agreement prescribing a method of electing or appointing a commission to succeed the commission appointed as provided in section 40:62–109 of this title. The agreement so made shall specify the number of persons to constitute the commission, their term or terms of office, method of organization, and powers, duties and compensation, but the members of the commmission may agree to serve without, or at a nominal compensation."

the three cities entered into an agreement which stated:

"1. There shall be appointed as hereinafter set forth, a commission of four persons, of whom two shall be residents of Paterson who shall be appointed by the governing body of said City; one shall be a resident of Passaic who shall be appointed by the governing body of said city; and one shall be a resident of Clifton, who shall be appointed by the governing body of said city. The persons so ap-

pointed shall constitute a commission for the government, control and administration of said water works, to succeed the present *Passaic Valley Water Commission*. The term of office of the first commissioners appointed in pursuance of this agreement shall begin fifteen days after the execution of this agreement by any two of said cities containing at least two-thirds of the population of all of said cities, according to the last preceding National census."

Barsh argues that the tripartite agreement, executed in accordance with *R. S.* 40:62–129, effectively empowered the Board of Commissioners of the City of Passaic, as "the governing bod[y] of the municipalit[y]," to appoint its representative commissioners to the Passaic Valley Water Commission.

Boyle contends that once Kaplan had been designated Director of Public Affairs, to which department had been assigned the "Water Supply and Distribution System," the authority delegated to him pursuant to *R. S.* 40:72–4, 5 and 6 included the exclusive power to appoint Passaic's commissioners to the Passaic Valley Water Commission.

█ We hold that *R. S.* 40:62–129 did not intend to vest the municipal signatories to the agreement with the power to designate the manner in which each constituent municipality should exercise the power of appointment of its representative on the Water Commission. The first sentence of the statute must be read in conjunction with the second and should be modified accordingly. Thereupon it appears that the Legislature, in granting power to "enter into an agreement prescribing a method of electing or appointing a commission," had in mind the establishment of "the number of persons to constitute the commission [and] their term or terms of office." To paraphrase the statutory language, the municipal contracting parties were vested with the power to agree on the number of representatives each municipality should have on the Water Commission and the terms for which they should be elected or appointed by the individual municipality which they represented. The contemplated manner of election or appointment was that provided gen-

erally under the particular statutes which governed the individual municipality. Thus, *R. S.* 40:62–129 did not supersede the application of *R. S.* 40:72–4, 5 and 6 to appointments made by a Walsh Act community. Nor could the municipalities accomplish such a result by private contract.

Barsh next argues that in any event, no such relationship exists between the Water Commission and the City of Passaic as would warrant the assignment of the Water Commission to any specific department of the city. He concludes from this premise that the appointment of a Water Commissioner could not be made by a single Director of any municipal department. We do not agree. At the organization meeting of the City Commissioners of the City of Passaic the "Water Supply and Distribution System" was assigned to Kaplan as Director of Public Affairs. The Water Commission is the sole source of water supply in the City of Passaic and the assignment of "Water Supply and Distribution System" must have contemplated the Passaic Valley Water Commission. The Water Commission is, in effect, an agency for each of the three municipalities. The City of Passaic has a manifest interest in its operations and hence it is appropriate that someone within the city's official family have the special responsibility of maintaining the necessary liaison with the Water Commission. The assignment of that function to one of the city departments was accordingly within the statutory scheme. Therefore, the appointment of a Water Commissioner by Passaic should be exercised by the Director of Public Affairs to whom was assigned the "Water Supply and Distribution System." See *Daly v. New Brunswick*, 3 *N. J.* 397, 400–401 (1950).

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For reversal*—None.