138 N.J. Super. 445 (1976)
351 A.2d 379
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT AND CROSS-APPELLANT,
v.
JAMES WALLS, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 9, 1975.
Decided January 19, 1976.
*446 Before Judges HALPERN, CRANE and MICHELS.
Ms. Randall W. Westreich, Assistant Deputy Public Defender, argued the cause on behalf of appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
*447 Mr. Timothy N. Tuttle, Assistant Prosecutor, argued the cause on behalf of respondent (Mr. Joseph C. Woodcock, Jr., Bergen County Prosecutor, attorney; Mr. Eugene Callahan, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by CRANE, J.A.D.
Defendant was indicted for attempting to break and enter with intent to steal. Before trial he moved to compel the State to conduct a lineup. The trial judge denied defendant's specific request, but ordered the State to
* * * conduct a line up during the trial of James Walls on Indictment S0062-75 in the presence of the jury. James Walls shall be a subject in the line up along with six to nine other parties. The line up shall be conducted in the presence of Richard Coleman for the purpose of attempting to make an identification of the perpetrator of a crime allegedly committed on or about January 3, 1975.
Both parties moved for leave to appeal, which was granted. Defendant contends that he is entitled to a lineup before trial as a matter of right as a part of discovery. The State contends that defendant is not entitled to a lineup either before or during trial.
Our research has revealed no New Jersey cases which bear directly upon the issue, although it was said in State v. Thomas, 107 N.J. Super. 128, 133 (App. Div. 1969), that "We do not find that there is a constitutional right to a line-up as such."
Some federal courts have held that a defendant has no right to a pretrial lineup. United States v. Poe, 462 F.2d 195 (5 Cir.1972), cert. den. 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973); see also, United States v. Munroe, 421 F.2d 644 (5 Cir.1970), cert. den. 400 U.S. 851, 91 S.Ct. 79, 27 L.Ed.2d 89 (1970). Others have held that a trial court has the power to order one in appropriate circumstances, United States v. Zane, 495 F.2d 683, 699 (2 Cir.1974), cert. den. 419 U.S. 895, 95 S.Ct. 174, 42 L.Ed.2d 139 (1974), and that the matter is discretionary with *448 the trial court. United States v. Ravich, 421 F.2d 1196, 1203 (2 Cir.1970), cert. den. 400 U.S. 834, 91 S.Ct. 69, 27 L.Ed.2d 66 (1970). The California Supreme Court in Evans v. Superior Court of Contra Costa County, 11 Cal.3d 617, 114 Cal. Rptr. 121, 522 P.2d 681 (1974), has held that due process requires that a defendant be afforded a pretrial lineup upon making a timely request in circumstances where eye witness identification is shown to be a material issue and there exists a reasonable likelihood of a mistaken identification which a lineup would tend to resolve.
Although he does not expressly so argue, defendant undoubtedly entertains the hope that the identifying witness will not be able to identify him and the prosecutor may be persuaded to move to dismiss the indictment. On the other hand, defendant may be seeking to acquire material at the pretrial lineup which will aid him in the cross-examination of the identifying witness. Whatever defendant's purpose may be, we find no error on the part of the court below in denying the request for a pretrial lineup.
The conduct of a lineup prior to trial is not a proceeding within the contemplation of the rules governing criminal practice. R. 3:13-3 relating to discovery deals with items such as books, records, testimony, reports, names of witnesses and the like. The language of the rule relates only to the ascertainment and inspection of things which are in existence. The rule does not require the State to engage in an investigative procedure for the benefit of the defendant to test the perceptual acuity of the identifying witness.
The application is somewhat akin to a request to take the deposition of a State's witness in the sense that it seeks to elicit a statement not yet made. A proposal to permit the taking of depositions in criminal cases in the same manner as is permitted in civil cases was considered by the New Jersey Supreme Court's Special Committee on Discovery in Criminal Cases, which drafted R. 3:13, and rejected. 90 N.J.L.J. 209 (1967). Depositions de bene esse are permitted by R. 3:13-2 for the purpose of preventing injustice. *449 Among the reasons the committee expressed to support its recommendation against the free use of depositions in criminal cases were that the procedures would be costly and time-consuming and that they might result in undue harassment of the victims of crime and other witnesses. 90 N.J.L.J. supra at 214. The same reasons militate against the desirability of holding that defendants in criminal cases have an absolute right to a pretrial lineup.
We find the arguments of counsel relating to the alleged right of a defendant to a pretrial lineup to be unpersuasive. We hold to the view that the proper forum in which to resolve the issue of identification and the issues of guilt or innocence is the trial court. Moreover, even if a due process right to such a pretrial procedure were to exist, defendant has made no showing that there exists a reasonable likelihood of a mistaken identification as would justify the granting of his motion under the principles of Ravich and Evans, supra.
The order of the court below directing the prosecutor to conduct a lineup during the course of the trial appears to be calculated to control the manner in which the State's case will be presented. The authority to prosecute criminal cases is vested by statute in the Attorney General and the county prosecutors. N.J.S.A. 2A:158-4. In the absence of supersession by the Attorney General, the authority of the prosecutor is exclusive. State v. Longo, 136 N.J.L. 589 (E. & A. 1947). The doctrine of judicial self-restraint requires a trial judge to avoid participation in the course of a trial unless it is necessary to avoid an injustice. State v. Ray, 43 N.J. 19, 25 (1964). Generally speaking, the primary function of presenting evidence is that of trial counsel. State v. Guido, 40 N.J. 191, 208 (1963); State v. Lemon, 107 N.J. Super. 101, 105 (App. Div. 1969), certif. den. 58 N.J. 23 (1971). A trial judge should not unduly interfere with the manner of counsel's presentation of evidence. State v. Laws, 50 N.J. 159, 181 (1967), on reargument 51 N.J. 494, cert. den. 393 U.S. 971, 89 S.Ct. 408, 21 L.Ed.2d *450 384 (1968). In the area of criminal prosecutions, the court has a duty to refrain from imposing a burden upon the prosecutor which will handicap his administration of the cause of justice. State v. Moffa, 64 N.J. Super. 69, 73 (Law Div. 1960), aff'd. 36 N.J. 219 (1961).
In the instant case the order of the trial judge directs the prosecutor to conduct a lineup during the trial. Such an interference with the prosecutor's discretionary conduct of criminal litigation is unwarranted in the absence of a showing of necessity. As we have noted above, defendant has not demonstrated a reasonable likelihood of a mistaken identification. We see no reason why defendant's right to a fair trial may not be adequately protected by an application of the principles enunciated in Stovall v. Denno, 388 U.S. 293, 301-302, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). At the trial, defendant will be permitted to explore the totality of the circumstances of the identification procedures in his attempt to show that they were impermissibly suggestive and that his identification was erroneous.
The denial of defendant's motion for a pretrial lineup is affirmed. The order requiring the State to conduct a lineup at the trial is reversed. Defendant's motion to suppress portions of the State's brief is denied.