264 N.J. Super. 432 (1993)
624 A.2d 1042
BEATRICE KERSHENBLATT, A COMMISSIONER OF THE CITY OF VENTNOR, PLAINTIFF,
v.
EDWARD P. KOZMOR, ESQ. AND THE CITY OF VENTNOR, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided February 9, 1993.
*433 Eric S. Kershenblatt for plaintiff.
Daryl F. Todd for defendants (Todd & Gemmel, attorneys).
WILLIAMS, A.J.S.C.
The issue in this case involves competing claims concerning the power to appoint the municipal prosecutor in the City of Ventnor. Plaintiff, as Director of revenue and finance, claims power of appointment based upon assignment of the municipal court to her department. Defendants assert that the appointment must be made by the entire commission.
The City of Ventnor is governed by three Commissioners pursuant to the Walsh Act. N.J.S.A. 40:70-1 et seq. Three sections of that Act are pertinent.
N.J.S.A. 40:72-2 provides:
The Board of Commissioners established hereunder shall have all the executive, administrative, judicial and legislative powers and duties hereto had and exercised by the mayor and city council and all other executive or legislative bodies in such municipality, and shall have complete control over the affairs of such municipality.
N.J.S.A. 40:72-4 provides:
The executive, administrative, judicial and legislative powers, authority and duties in such municipality shall be distributed into and among five departments except that in municipalities having but three commissioners, three departments shall be designated and provided by the consolidation of the first and third departments and the fourth and fifth departments as follows:
1. Department of public affairs
2. Department of revenue and finance.
3. Department of public safety.
4. Department of public works.
5. Department of parks and public property.
N.J.S.A. 40:72-5 provides:
The board of commissioners shall determine the powers and duties to be performed by each department and shall assign such powers and duties to each department as it may deem appropriate....
*434 The government of Ventnor is organized into three departments: a Department of public affairs and public safety; a Department of public works, parks and public property; and a Department of revenue and finance. Plaintiff Kershenblatt is the Director of the Department of revenue and finance pursuant to Resolution 69 of 1992 which provides,
[T]hat all executive, administrative, judicial and legislative powers, authority and duties pertaining to said Departments be and the same are hereby vested in her, and she shall perform all duties and sign all documents necessary to the proper administration of the Department of Revenue and Finance in particular but not limited to ... municipal court....
On September 17, 1992 the Commission, by a vote of 2-0, (plaintiff abstaining), adopted a resolution appointing defendant Edward Kozmor, Esq, as municipal prosecutor. This procedure followed an annual practice begun ten years earlier of appointing the prosecutor by Commission resolution. One week later, plaintiff unilaterally designated a person of her own choice as municipal prosecutor. She did so asserting that, pursuant to the Walsh Act, only the Director of revenue and finance could make the appointment. Thereafter, plaintiff initiated this action to resolve the competing claims over the right to appoint the prosecutor.
As a general rule, once the governmental powers of a municipality have been distributed among the commissioners pursuant to N.J.S.A. 40:72-4, 5, the power to appoint resides solely in the director of the department to which a particular position has been assigned. Daly v. New Brunswick, 3 N.J. 397, 400, 70 A.2d 744 (1950); O'Connell v. Board of Commissioners of Bayonne, 116 N.J.L. 61, 181 A. 902 (Sup.Ct. 1935); McGlynn v. Grosso, 114 N.J.L. 540, 178 A. 86 (Sup.Ct. 1935). Since the municipal court was "assigned" to her department, plaintiff asserts that it is her right to appoint the municipal prosecutor. However, none of the aforesaid cases involve appointment of a prosecutor.
An analogous issue was raised in Kagan v. Caroselli, 30 N.J. 371, 153 A.2d 17 (1959), where the question involved whether the power to appoint a municipal court judge in a Walsh Act municipality resided single commissioner or in the commission as a *435 whole. By statute, the municipal court judge was to be appointed by the "governing body". N.J.S.A. 2A:8-5. The Court recognized that the term "governing body" might mean a single commissioner acting as head of a department if the function involved was one which, under the Walsh Act, was required to be distributed to one of the departments. To determine whether the function of the municipal court judge was one which was required to be distributed to a particular municipal department, the court conducted a two-fold inquiry, asking:
1) whether the magistrate of the municipal court performs duties which under the Walsh Act must be assigned to one of the departments (more particularly, the inquiry is whether the powers and duties of the magistrate fall within the "judicial * * * powers, authority and duties in such municipality" required to be distributed to a department by R.S. 40:72-4 quoted above), and (2) whether those powers and duties can be said to be "appropriate" to one of the departments within the meaning of R.S. 40:72-5, also quoted above.
[Kagan v. Caroselli, supra, at 377, 153 A.2d 17.]
The court answered both questions in the negative and concluded that the appointment had to be made by the Commission as a whole.
The holding in Kagan is not directly applicable here because the prosecutor is part of the executive rather than the judicial branch of government. However, the analytical approach is relevant and helpful in addressing the issue herein. Here, the approach requires answers to the questions of (1) whether the municipal prosecutor has powers and performs duties which must be assigned to one of the municipal departments pursuant to N.J.S.A. 40:72-4 and (2) whether those powers and duties are appropriate to one of the departments within the meaning of N.J.S.A. 40:72-5.
The powers and duties of a municipal prosecutor must be understood in a context that involves both the Attorney General and the county prosecutor. At common law in England the Attorney General was the chief legal representative of the Crown, and possessed broad powers of criminal prosecution. With the adoption of the New Jersey Constitution of 1776, these powers survived New Jersey's transition from colony to independent state. Because it was difficult for the Attorney General to be *436 present to prosecute in all of the counties, the Legislature, in 1812, enacted a measure which explicitly authorized the Attorney General to "appoint from time to time, as occasion may require, deputies for those counties of this state which he may be unable in person to attend * * *." L. 1812, pam. 23. In 1822, the Legislature created the position of prosecutor of the pleas to prosecute in the absence of the Attorney General. The prosecutor was to be appointed by the Courts of General Quarter Sessions of the Peace. L. 1822, p. 25. Shortly thereafter the law was again revised to provide for appointment of the prosecutor by both houses of the Legislature in joint meeting for a five year term upon commission by the Governor. L. 1823, p. 52.
The adoption of the Constitution of 1844 established a five year term of office for both the Attorney General and prosecutor upon appointment by the Governor with the advice and consent of the Senate. N.J. Const. of 1844 art. VII, § II, ¶ 4. Thereafter, in 1854, the Legislature specifically defined the over-all powers and duties of the Attorney General, limiting his or her involvement in the counties to four circumstances: (1) homicide cases, or other high crimes on the written request of a justice of the Supreme Court; (2) upon request of the board of freeholders; (3) where there was no county prosecutor to attend to the general criminal business in the county; and (4) where the county prosecutor requested his aid. L. 1854, c. 58. The powers of the two offices remained substantially unchanged through the adoption of the Constitution of 1947.
The next significant developments in the evolution of the state's prosecutorial system occurred in 1970. In that year, the Legislature mandated for the first time that the county prosecutor devote all of his or her time to the duties of the office. No other gainful employment or outside practice of law was permitted. N.J.S.A. 2A:158-1.1, L. 1970 c. 6. In addition, the Legislature adopted the Criminal Justice Act of 1970 which integrated the responsibilities of the Attorney General and county prosecutors in a comprehensive manner. N.J.S.A. 52:17B-97 et seq; L. 1970 c. 74. By this act, the Legislature declared it the public policy of this State

*437 [T]o encourage cooperation among law enforcement officers and to provide for the general supervision of criminal justice by the Attorney General as chief law enforcement officer of the State, in order to secure the benefits of a uniform and efficient enforcement of the criminal law and the administration of criminal justice throughout the State.
[N.J.S.A. 52:17B-98.]
Toward these ends the Act is to be liberally construed and administered. Id.
The Criminal Justice Act of 1970 empowered the Attorney General, among other things, to maintain general supervision over, consult with, and advise the county prosecutors (N.J.S.A. 52:17B-103); to supersede county prosecutors (N.J.S.A. 52:17B-106); to require prosecutors to report annually or more often if necessary on matters pertaining to their office (N.J.S.A. 52:17B-111); to compel cooperation and assistance from prosecutors in performance of the Attorney General's duties, (N.J.S.A 52:17B-112a); and to call the prosecutors into conference for the purpose of discussing the duties of their respective offices with a view to the adequate and uniform enforcement of the criminal laws of this State (N.J.S.A. 52:17B-112c).
Today, New Jersey benefits from a comprehensive integrated system for the prosecution of criminal matters. The office of Attorney General and the office of county prosecutor are constitutionally established. N.J. Const. art. V, § IV, ¶ 3; N.J. Const. art. V, § II, ¶ I. The Attorney General acts as the chief law enforcement officer of the State. N.J.S.A. 52:17B-98. The county prosecutor, under the supervision of the Attorney General, is the chief law enforcement officer of the county. N.J.S.A. 52:17B-109; State v. Winne, 12 N.J. 152, 171, 96 A.2d 63 (1953). The criminal business of the State is to be prosecuted exclusively by these offices. N.J.S.A. 2A:158-4. In the absence of supersession by the Attorney General, the authority of the county prosecutor is exclusive. State v. Walls, 138 N.J. Super. 445, 449, 351 A.2d 379 (App.Div. 1976). State v. Longo, 136 N.J.L. 589, 54 A.2d 788 (E. & A. 1947).
*438 At present there is no constitutional or statutory authority establishing the office of municipal prosecutor. However, it is clear that the position of municipal prosecutor has existed in practice in New Jersey for many years. See R. 7.4-4 (effective 1969); R.R. 8:5 (effective September 9, 1953). Since the county prosecutor has exclusive authority to prosecute within the county, it is apparent that the power exercised by the municipal prosecutor is derived from that of the county prosecutor. In this respect the emergence of the position of municipal prosecutor is not unlike the historical emergence of the position of county prosecutor. The office of county prosecutor evolved because the Attorney General could not be present to prosecute in all counties. That circumstance gave rise to the creation of a prosecuting authority at the county level whose powers were carved out of the original powers of the Attorney General. Morss v. Forbes, 24 N.J. 341, 368, 132 A.2d 1 (1957); State v. Longo, supra, 136 N.J.L. at 589, 54 A.2d 788; State v. New Jersey Jockey Club 52 N.J.L. 493, 19 A. 976 (Sup.Ct. 1890); State ex rel Clawson v. Thompson, 20 N.J.L. 689 (Sup.Ct. 1846). Similar circumstances at the municipal level brought about the emergence of the position of municipal prosecutor.
The county prosecutor is not required to personally prosecute all matters. He or she may draw upon local authorities in order to meet this responsibility. The prosecutor may arrest and prosecute
[E]ither by himself or his staff or by the local law enforcement authorities functioning within his county. It is a matter of common knowledge that the local law enforcement authorities from the chanceman on his beat to the chief of police and beyond him to the director of public safety are responsive to the county prosecutor's concept of law enforcement on pain of possible indictment if they do not cooperate with him in enforcing the law. He does not stand alone. He is in a position to command the cooperation of all the law enforcing authorities in the county.
[State v. Winne, supra, 12 N.J. at 168, 96 A.2d 63.]
In prosecuting on behalf of the State of New Jersey at the municipal level, the municipal prosecutor functions as a resource to assist the county prosecutor in meeting his or her exclusive responsibilities for prosecution of criminal business within the county.
*439 The relationship of the Attorney General and county prosecutor with municipal prosecutors, as part of a statewide system, is manifested in various ways. For example, both the Attorney General and county prosecutor have power to supersede a municipal prosecutor at their discretion N.J.S.A. 2A:158-4, State v. Downie, 229 N.J. Super. 207, 209, 550 A.2d 1313 (App.Div. 1988); both the Attorney General and the county prosecutor may compel cooperation from municipal law enforcement officials to assist in the prosecution of offenders N.J.S.A. 52:17B-112b, State v. Winne, supra, 12 N.J. at 165, 96 A.2d 63; negotiated plea agreements are permitted only in cases prosecuted by the Attorney General or county prosecutor or in courts where there is a municipal prosecutor and the case is handled by that prosecutor, Supreme Court Directive # 9-1988; and municipal prosecutors as part of a statewide prosecutorial system are subject to policy directives governing that system. For example see Attorney General Directive Implementing Guidelines and Procedures for Issuance of Subpoenas to Attorneys for Information Relating to the Representation of their Clients, October 27, 1992.
The fact that the municipal prosecutor is appointed by the municipality is of no more consequence in this analysis than is the fact that the municipal court judge is also appointed by the municipality. Kagan v. Caroselli, supra, 30 N.J. at 379, 153 A.2d 17. Both, in their respective branches of government, exercise powers as part of a comprehensive statewide system.
The powers and duties of the municipal prosecutor are derived from the State of New Jersey through the county prosecutor. They are not powers and duties inherent in the municipality, nor are they appropriate to any of the departments of the municipality. Since the powers and duties to prosecute are not inherent in the municipality, they can not be distributed to one of Ventnor's three departments pursuant to N.J.S.A. 40:72-4, and are therefore also not appropriate to be performed by one of the departments pursuant to N.J.S.A. 40:72-5. For these reasons, there is no authority under the Walsh Act to support the claim that the power *440 to appoint the municipal prosecutor is vested in a single commissioner as head of a department. If the City of Ventnor acts to assist the county prosecutor by appointing a municipal prosecutor, it must act through the commission as a whole. Plaintiff's designation of a municipal prosecutor therefore can not stand.
Judgment is entered for defendants.